In the Matter of **CITRON INVESTMENT CORPORATION** and **Josef A. Citron,** Bankrupts-Appellants,

v.

Marie Wells **EMRICH,** Applicant-Appellee.

No. 73–2067.

United States Court of Appeals, Ninth Circuit.

Feb. 19, 1974.

Rehearing Denied March 14, 1974.

Charles L. Birke (argued), Berris, Seton & Birke, Beverly Hills, Cal., for bankrupts-appellants.

Dulaney W. Palmer (argued), Los Angeles, Cal., for applicant-appellee.

Before KOELSCH, CARTER and WALLACE, Circuit Judges.

KOELSCH, Circuit Judge:

We allowed an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) to review an order of the district court affirming a referee's denial of bankrupts' motion to dismiss appellee's application to determine the dischargeability of a debt under Section 17 of the Bankruptcy Act, 11 U.S.C. § 35.

The facts are undisputed. Appellee's predecessor in interest, her deceased husband, discovered facts in July, 1967, which gave rise to a cause of action for an alleged conversion. Suit was filed against the bankrupts on October 26, 1967, in Los Angeles County Superior Court, but neither the deceased husband nor appellee ever filed an At-Issue memorandum in the action, or took any other steps to bring the case to trial. The bankrupts did not move to dismiss the suit, and it remained pending in the state court on August 23, 1971, when bankrupts filed their petitions in bankruptcy. On November 23, 1971, appellee filed an application to determine the dischargeability of the debt in the bankruptcy court, alleging that the debt was nondischargeable under § 17(a)(8) because the alleged conversion had been malicious.

The state statute of limitations on appellee's claim against bankrupts had expired before the filing of the petitions in bankruptcy. As the bankruptcy court could not entertain a claim barred by the state statute of limitations, e. g., In re Povill, 105 F.2d 157 (2d Cir. 1939), the basis for appellee's application of necessity is the state court action pending after the expiration of the statute of limitations.

On September 5, 1972, bankrupts moved to file an amended answer seeking dismissal of the application on the ground, *inter alia,* that the underlying state court action was subject to discretionary dismissal under California Code Civ.Proc. § 583(a) for lack of prosecution. The referee allowed the amended answer to be filed, and ordered that trial of the case be bifurcated, with trial of the affirmative defenses to precede the trial on the merits of the cause of action. Pursuant to stipulation, trial of the § 583(a) issue was based on the pleadings, and argument of counsel, and on September 29, 1972, the referee entered an order in favor of appellee to the effect that the affirmative defense did not preclude adjudication of the claim on the merits. Bankrupts filed a petition for review, which was denied by the district court, and bankrupts then appealed to this court by leave of the district court under 28 U.S.C. § 1292(b).

Section 583(a) provides: "The court, in its discretion, may dismiss an action for want of prosecution pursuant to this subdivision if it is not brought to trial within two years after it was filed. . . . " However, both the referee and the district court declined to determine whether a California court would have exercised its discretion under § 583(a) to dismiss appellee's suit for lack of prosecution at the time the petitions in bankruptcy were filed. Both the referee and the District Judge were of the opinion that under Section 17 the bankruptcy court takes jurisdiction over the state court lawsuit in the posture in which it exists in the state court; and that because the case was pending when the petition was filed, the bankruptcy court was compelled by § 17(c) to adjudicate the claim on the merits, without regard to whether the applicant could have obtained a judgment in the state court in the face of § 583(a).

We·agree with the district court's disposition. The bankruptcy court is not required to apply § 583(a). Under the *Erie* doctrine (Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)), a federal bankruptcy court will ordinarily apply the substantive law of the state in adjudicating the merits of a case over which it assumes jurisdiction under Section 17.

However, § 583(a) is a procedural rule, designed to compel diligence in the prosecution of actions, with scant, if any, relevance to the merits of the substantive claim between the bankrupt and appellee; its application in the present case might prevent the determination on the merits contemplated by the procedure outlined in § 17(c)(3). While a federal diversity court must in some cases apply a state procedural rule which is "outcome-determinative,"[1] *see* Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), there is no certainty here that application of the state procedure in the bankruptcy court will alter the outcome,[2] and therefore no necessity for the court to follow the state procedure. *See* Byrd v. Blue Ridge Rural Elec. Corp., 356 U.S. 525, 539–540, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958).

Moreover, there are countervailing federal considerations which militate against the application of the state procedure in the bankruptcy court. *See* Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); Byrd v. Blue Ridge Rural Elec. Coop., *supra.* Congress, pursuant to its constitutional authority, has provided in the Bankruptcy Act a nationally uniform set of procedures for dealing with the problem of bankruptcy. Section 17(c) outlines the procedure Congress has approved for a state court plaintiff in appellee's position to get a determination on the merits of his case and the dischargeability of the debt potential created.[3] The procedure prevents harassment of the bankrupt by suits in state court after he receives his discharge, while facilitating one of the purposes of the Bankruptcy Act, the equitable distribution of the bankruptcy estate among creditors with meritorious claims against the bankrupt.[4]

Here appellee has done everything which Congress required in order to receive a determination on the merits of this case. Once the bankruptcy court assumes jurisdiction over the suit under § 17(c), no bankruptcy policy is served by application of § 583(a), and the bankruptcy court is not bound to advance the state's policy[5] when doing so would potentially defeat the statutory policy of equitable distribution to creditors. We therefore conclude that the referee and the district court were correct in declining to apply § 583(a).

The order of the district court is affirmed.

---

1. We note that one of the major reasons for the *Erie* rule and the "outcome-determinative" test is absent in the present context—no "forum-shopping" is possible. The choice to invoke the jurisdiction of the bankruptcy court rests initially with the state court defendant, and he may move to have the suit dismissed before filing his petition.

2. Indeed, application of § 583(a) may in some instances lead to dismissals in situations in which the state court would not have dismissed the claim, thereby precluding judgments obtainable in state courts.

3. Once a petition is filed, a debt otherwise nondischargeable under § 17(a)(8) is discharged unless the creditor files an application with the court to determine dischargeability. Sec. 17(c)(1). Upon doing so, the applicant may be enjoined from proceeding in the state court, § 17(c)(4), and under § 17(c)(3), the bankruptcy court then "shall determine the dischargeability of any debt. . . ." and "if any debt is determined to be nondischargeable, shall determine the remaining issues, render judgment, and make all orders necessary for the enforcement thereof. . . ."

4. Appellee, of course, may have a claim which is dischargeable, but nevertheless both provable and allowable.

5. Moreover, we note that a part of the state policy served by § 583(a) is likewise accomplished by the application to the bankruptcy court, as the case is effectively thereafter "removed" from the docket of the state court, and state judicial resources are not expended on the adjudication of the claim.