726 F.2d 60
 12 Bankr.Ct.Dec. 142, Bankr. L. Rep. P 69,587
 In re ADIRONDACK RAILWAY CORPORATION, Debtor.
Victor T. EHRE, Sr., Trustee in Reorganization for the
Estate of the Adirondack Railway Corporation,
Plaintiff-Appellee,
v.
PEOPLE OF the STATE OF NEW YORK by William C. HENNESSY, as
Commissioner of the New York State Department of
Transportation, Defendant-Appellant.
 No. 80, Docket 83-5023.
 United States Court of Appeals,
Second Circuit.
 Argued Oct. 31, 1983.
Decided Jan. 13, 1984.
 
 Vernon Stuart, Principal Atty., New York City (Robert Abrams, Atty. Gen., Peter J. Dooley, Asst. Atty. Gen., New York City, on brief), for defendant-appellant.
 Richard W. Cook, Syracuse, N.Y. (William J. Leberman, Hancock & Estabrook, Syracuse, N.Y., on brief), for plaintiff-appellee.
 Before FEINBERG, Chief Judge, and NEWMAN and PRATT, Circuit Judges.
 JON O. NEWMAN, Circuit Judge:
 
 
 1
 This is a purported appeal from an order of the District Court for the Northern District of New York (Howard G. Munson, Chief Judge) adopting and implementing a proposed order of Bankruptcy Judge Leon J. Marketos. 28 B.R. 251. Because we conclude that the provisions of the District Court's order challenged on this appeal are interlocutory rulings over which we lack appellate jurisdiction, we dismiss the appeal.
 
 
 2
 Adirondack Railway Corporation, the debtor, initiated this litigation on April 1, 1981, by filing a petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. Sec. 1101 et seq. (1982). Thereafter the duly appointed trustee, Victor T. Ehre, brought an action in the Bankruptcy Court for the Northern District of New York against the State of New York. The trustee alleged a November 29, 1977, agreement between the debtor and the State whereby the debtor undertook to perform track rehabilitation and other work with respect to the Remsen-Lake Placid Railroad Line owned by the State. The complaint alleged that pursuant to the agreement the State had leased to the debtor for thirty years the railroad right-of-way and trackage between Remsen and Lake Placid and that by letter dated February 23, 1981, the State was endeavoring to terminate the lease. The complaint sought a declaratory judgment that the lease remained in existence and also sought damages of $972,753 for work performed by the debtor. The damages were sought either under the agreement or alternatively on theories of fraudulent misrepresentation or quantum meruit. The complaint endeavored to invoke the jurisdiction that the new Bankruptcy Reform Act ("new Act"), Pub.L. No. 95-598, 92 Stat. 2668-69 (1978), provides is conferred on district courts but is to be exercised by bankruptcy courts, new Act, Sec. 241(a), codified at 28 U.S.C. Sec. 1471 (Supp. V 1981).
 
 
 3
 The State interposed a defense of sovereign immunity to the claim for money damages. The trustee, noting that the State had filed a proof of claim for withholding and sales taxes, moved to strike that affirmative defense. He relied on section 106 of the Code, 11 U.S.C. Sec. 106 (1982), which provides that a governmental unit is deemed to have waived sovereign immunity if the claim against it arose out of the same "transaction or occurrence" as its claim against the debtor's estate, a standard that Congress equated with the test for a compulsory counterclaim under the Federal Rules of Civil Procedure. See H.R.Rep. No. 595, 95th Cong., 1st Sess. 317 (1977), reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6274. The trustee also moved for partial summary judgment on his request for a declaratory judgment that the lease remains in existence. Acting pursuant to the emergency rule adopted by the District Court in the aftermath of Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the Bankruptcy Judge recommended a proposed ruling to the District Court. The recommendation, adopted in the ruling of the District Court challenged on this appeal, granted both the trustee's motion for partial summary judgment and his motion to strike the State's defense of sovereign immunity.
 
 
 4
 Though the issue of our appellate jurisdiction has not been considered by the parties, we are obliged to do so. See United States v. F.A. Baehner, Inc., 309 F.2d 154, 155 (2d Cir.1962). We start by noticing that the rulings in the order sought to be appealed in this case are interlocutory. One ruling grants the trustee's motion to strike the State's affirmative defense of sovereign immunity interposed to the trustee's claim for damages. Striking an affirmative defense is interlocutory, except in those rare situations where the defense asserts not merely immunity from judgment, but immunity from the burden of having to defend the claim. See Nixon v. Fitzgerald, 457 U.S. 731, 102 S.Ct. 2690, 2698, 73 L.Ed.2d 349 (1982) (official immunity); United States v. Abney, 431 U.S. 651, 656-62, 97 S.Ct. 2034, 2038-42, 52 L.Ed.2d 651 (1977) (double jeopardy). Since the sovereign immunity defense is claimed by the State to insulate it at most from a money judgment and not from the burden of litigating the trustee's claim to the extent that claim seeks a declaratory judgment, we see no basis for viewing the striking of the defense of sovereign immunity as a final order.
 
 
 5
 The second ruling grants the trustee's motion for partial summary judgment of a declaratory judgment that the lease continues in existence. Even if that ruling is a final adjudication of a separate claim concerning the lease, distinct from the remaining damage claim, see Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 737, 742-44, 96 S.Ct. 1202, 1205-07, 47 L.Ed.2d 435 (1976); SCM Corp. v. Xerox Corp., 599 F.2d 32, 33 (2d Cir.1979), an issue we need not decide, the pendency of the damage claim leaves the ruling interlocutory in the absence of compliance with Fed.R.Civ.P. 54(b). Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435, 76 S.Ct. 895, 899, 100 L.Ed. 1297 (1956).
 
 
 6
 As will appear, we have no doubt that we lack appellate jurisdiction to review these interlocutory rulings, in the absence of compliance with Rule 54(b), if applicable, or certification under 28 U.S.C. Sec. 1292(b) (1976). Regrettably, however, our conclusion is reached only after exploration of a rather complex jurisdictional thicket. We consider first the statutory scheme contemplated by the new Bankruptcy Act and then the impact upon that scheme of both the Supreme Court's decision in Northern Pipeline Construction Co. v. Marathon Pipe Line Co., supra, and the response to Northern Pipeline contained in the emergency rule adopted by the District Court for the Northern District of New York.
 
 
 7
 Under the new Act, the appellate jurisdiction of a court of appeals turns generally on the distinction between interlocutory and final orders. Previously, under the old Act, that distinction had determined appealability only of orders entered in "controversies," but not orders entered in "proceedings." Old Act Sec. 24(a), 11 U.S.C. Sec. 47(a) (1976); see United Kingdom Mutual Steamship Assurance Ass'n v. Liman, 418 F.2d 9 (2d Cir.1969). The centrality of the interlocutory/final distinction emerges upon examination of the entire appellate scheme of the new Act. Final orders of a bankruptcy judge are appealable to an appellate panel of three bankruptcy judges, 28 U.S.C. Sec. 1482(a) (Supp. V 1981), in those districts where such panels have been created, see 28 U.S.C. Sec. 160 (Supp. V 1981); or to the district court, 28 U.S.C. Sec. 1334(a), in those districts where such panels have not been created; or to the Court of Appeals upon consent of the parties, 28 U.S.C. Sec. 1293(b) (Supp. V 1981). Final orders of an appellate panel or a district court are appealable to the court of appeals. Id. On the other hand, interlocutory orders of a bankruptcy judge are appealable to an appellate panel, where existing, or to a district court, where panels do not exist, only by permission of the panel or district court, as the case may be, 28 U.S.C. Secs. 1334(b), 1482(b) (Supp. V 1981), and not appealable at all to a court of appeals, 28 U.S.C. Sec. 1293. See Maiorino v. Branford Savings Bank, 691 F.2d 89 (2d Cir.1982). Moreover, interlocutory orders of a bankruptcy judge, appealed to an appellate panel or a district judge, are not further appealable to a court of appeals. 28 U.S.C. Sec. 1293(b). Cf. In re Licek Potato Ship Co., 599 F.2d 181 (7th Cir.1979) (district court affirmance of bankruptcy judge's interlocutory ruling in a "controversy" under old Act not appealable to court of appeals). Thus, if the jurisdictional scheme of the new Act were fully operative, there would be no question that orders of a district court could be reviewed by a court of appeals pursuant to the Act only if they were final.
 
 
 8
 The Supreme Court's decision in Northern Pipeline altered the jurisdictional scheme of the new Act, as we recently noted in Kaiser v. Salomon, 722 F.2d 1574 (2d Cir.1983). The jurisdiction of a bankruptcy court to adjudicate an original claim by the trustee of a bankrupt against a third-party, arising under state law, was invalidated as beyond the competence of Article I bankruptcy judges, and, for lack of separability, the entirety of the jurisdiction conferred on the bankruptcy courts by the new Act was also invalidated.[1] However, the bankruptcy jurisdiction of the district courts, conferred upon them by the new Act, 28 U.S.C. Sec. 1471(a) and (b), remains unimpaired, with only the exercise of that jurisdiction by the bankruptcy courts, id. Sec. 1471(c), invalidated by Northern Pipeline. See Kaiser v. Salomon, supra, at 1576-1579, slip op. pp. 225-229; White Motor Corp. v. Citibank, N.A., 704 F.2d 254, 259-60 (6th Cir.1983). The district courts also retain the bankruptcy jurisdiction conferred by old 28 U.S.C. Sec. 1334 (1976), Kaiser v. Salomon, supra, at 1579, slip op. p. 229, which the new Act does not in terms repeal until April 1, 1984, new Act, Sec. 402(b), 92 Stat. 2682, codified at 11 U.S.C. preceding Sec. 101 (1982). See White Motor Corp. v. Citibank, supra, 704 F.2d at 260-61.
 
 
 9
 The invalidation of the jurisdiction of bankruptcy courts and the resulting exercise of bankruptcy jurisdiction by the district courts have implications for the sources and hence the standards of appellate jurisdiction. Those implications can best be understood after description of the district court/bankruptcy court relationship that was put into place after Northern Pipeline. In the face of the imminent failure of Congress to enact remedial legislation prior to the extended effective date of the Supreme Court's judgment in Northern Pipeline, the Judicial Conference of the United States requested the Director of the Administrative Office of the United States Courts to furnish a proposed rule to the district courts "to permit the bankruptcy system to continue without disruption in reliance upon jurisdictional grants remaining in the law as limited by" Northern Pipeline. A proposed emergency rule was submitted by the Director, recommended by the Council of the Second Circuit, and adopted by the judges of the Northern District on December 23, 1982. The rule provides for a general reference of bankruptcy cases from the district court to the bankruptcy court. Section (c)(1). It further provides that in "related proceedings," defined to include claims brought by the estate against parties who have not filed claims against the estate, section (d)(3)(A), the bankruptcy judge "may not enter a judgment or dispositive order," but "shall submit findings, conclusions, and a proposed judgment or order to the district judge...." Section (d)(3)(B). An order ultimately entered in a related proceeding is an order of the district court. That is the procedure followed in this case.
 
 
 10
 In light of the arrangements prescribed by the emergency rule, our appellate jurisdiction could be viewed as determined either by newly enacted section 1293 of Title 28, or by sections 1291 and 1292 of Title 28, or by section 24(a) of the old Act, 11 U.S.C. Sec. 47(a) (1976), or by some combination of these sources. The applicability of section 1293 is rendered somewhat doubtful by the wording of the transition provision that makes section 1293 operative during the transition period. Section 405(c)(2) of the new Act provides:
 
 
 11
 During the transition period, the jurisdiction of the district courts, the courts of appeals, and panels of bankruptcy judges to hear appeals shall be the same as the jurisdiction of such courts and panels granted under the amendments made by sections 236, 237, 238, and 241 of this Act to hear appeals from the judgments, orders, and decrees of the bankruptcy courts established under section 201 of this Act.
 
 
 12
 92 Stat. 2685, codified at 28 U.S.C. preceding Sec. 1471 (Supp. V 1981). Section 236 is the section that will add section 1293 to Title 28 as of April 1, 1984, 92 Stat. 2667. Since we are not asked to review a decision of a bankruptcy court,[2] but rather that of a district court,[3] the transition provision would appear to confer no appellate jurisdiction in this case. Sections 1291 and 1292 would seem to be available to whatever extent they were under the old Act,[4] since nothing in the new Act purports to preclude their application to bankruptcy appeals. See Kennedy, The Bankruptcy Court Under the New Bankruptcy Law: Its Structure, Jurisdiction, Venues and Procedure, 11 St. Mary's L.Rev. 251, 292 (1979). In fact, the likely unavailability of section 1293 in this case strengthens the argument for resorting to sections 1291 and 1292. The argument for resort to section 24(a) of the old Act rests on the theory that to some extent provisions repealed by the Act have been revived by the jurisdictional invalidation that occurred in Northern Pipeline. See White Motor Corp. v. Citibank, N.A., supra, 704 F.2d at 261.
 
 
 13
 Regardless of the source of the jurisdiction the District Court was exercising when it made the two rulings sought to be reviewed and regardless of the source of our jurisdiction in the aftermath of Northern Pipeline, the interlocutory nature of the District Court's rulings precludes our exercise of appellate jurisdiction. To the extent that the District Court, pursuant to the emergency rule, was exercising the bankruptcy jurisdiction conferred by the new Act, our appellate jurisdiction is foreclosed because either section 1293, if applicable, or section 1291 permits us to review district court orders only if they are final orders. Alternatively, to the extent that the District Court was exercising its pre-1978 bankruptcy jurisdiction under old 28 U.S.C. Sec. 1334, from which appeals are arguably still governed by section 24(a) of the old Act, 11 U.S.C. Sec. 47(a) (1976), our appellate jurisdiction is foreclosed because under the old Act we had jurisdiction of interlocutory orders only in appeals from "proceedings" and not "controversies," United Kingdom Mutual Assurance Ass'n v. Liman, supra, and this dispute between the trustee and the State is without question a "controversy" within the meaning of section 24(c) of the old Act. To whatever extent section 1291 is applicable to a district court's exercise of pre-1978 jurisdiction, it also does not permit appeal of these interlocutory rulings.
 
 
 14
 Appeal dismissed.
 
 
 
 [1]
 The plurality opinion of Justice Brennan states that "the broad grant of jurisdiction to the bankruptcy courts contained in 28 U.S.C. Sec. 1471 (1976 ed., Supp. IV) is unconstitutional." 458 U.S. at 87, 102 S.Ct. at 2880. The concurring opinion of Justice Rehnquist, joined by Justice O'Connor, concludes that "so much of the Bankruptcy Act of 1978 as enables a Bankruptcy Court to entertain and decide Northern's lawsuit over Marathon's objection to be violative of Art. III of the United States Constitution" and that "this grant of authority is not readily severable from the remaining grant of authority to bankruptcy courts under Sec. 1471 ...." Id. at 91-92, 102 S.Ct. at 2882
 
 
 [2]
 Even if recourse were had to provisions of the old Act, under which "Courts of bankruptcy" were defined to include district courts, 11 U.S.C. Sec. 1 (1976), the district court is assuredly not among "the bankruptcy courts established under section 201 of the Act."
 
 
 [3]
 We intimate no view as to whether review of a district court order that reviews a bankruptcy court order is among "appeals from the judgments, orders, and decrees of the bankruptcy courts" within the meaning of the transition provision
 
 
 [4]
 Under the old Act we entertained bankruptcy appeals from district courts pursuant to 28 U.S.C. Secs. 1291, 1292(a)(1) (1964), Hirsch v. Wharton, 344 F.2d 90 (2d Cir.1965); McAvoy v. United States, 178 F.2d 353 (2d Cir.1949), and an appeal has been allowed pursuant to 28 U.S.C. Sec. 1292(b) (1970), Citron Investment Corp. v. Emrich, 493 F.2d 561 (9th Cir.1974)