**Santos BERMUDEZ, Appellant,**

v.

**Harold J. SMITH, Superintendent, Attica Correctional Facility, Appellee.**

**No. 1412, Docket 86–2072.**

United States Court of Appeals, Second Circuit.

Argued June 12, 1986.

Decided Aug. 11, 1986.

---

Thomas K. Twist, Buffalo, N.Y. (Richard Baumgarten, Charles Katz, on brief), for appellant.

Colleen E. Cain, Asst. Dist. Atty. (Robert M. Morgenthau, Dist. Atty., New York County, Norman Barclay, Asst. Dist. Atty., New York City, of counsel), for appellee.

Before OAKES, ALTIMARI, and MAHONEY, Circuit Judges.

PER CURIAM:

Santos Bermudez appeals from a judgment of the United States District Court for the Western District of New York, John T. Curtin, Chief Judge, dismissing certain claims raised in his petition for a writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2254 (1982). Because the judgment entered below lacks finality, we dismiss this appeal for want of jurisdiction. *See* 28 U.S.C. § 1291 (1982).

The precise meaning of the order before us—Judge Curtin's February 14, 1986, order granting the motion to dismiss of Harold J. Smith, appellee here, and granting a certificate of probable cause—is disputed by the litigants. Bermudez's petition for a writ of habeas corpus raises seven claims. The order appealed from discusses only the four claims that were the subject of the motion to dismiss. Bermudez nonetheless maintains that the order dismissed his petition in its entirety. Since, however, appellee concedes that the three claims not explicitly discussed remain to be litigated, we will treat the order as failing to dispose of those claims. Although neither party has argued that the decision below lacks finality, we must consider sua sponte the possibility of such a jurisdictional defect. *See Collins v. Miller*, 252 U.S. 364, 365–66, 40 S.Ct. 347, 347–48, 64 L.Ed. 616 (1920); *In re Adirondack Railway Corp.*, 726 F.2d 60, 62 (2d Cir.1984).

It has long been established that the rule that in general only final orders are reviewable applies to habeas corpus proceedings. *See Collins*, 252 U.S. at 365, 40 S.Ct. at 347; 28 U.S.C. § 2253 (1982) ("the final order shall be subject to review ...."). This circuit has not, however, dispositively addressed the issue of the finality of a judgment that does not dispose of all grounds raised in a habeas petition. We have held that an appellate panel can issue a certificate of probable cause with respect to some, but not all, of the issues decided in the habeas proceeding below, *see Vicaretti v. Henderson*, 645 F.2d 100, 101–02 (2d Cir.1980), *cert. denied*, 454 U.S. 868, 102 S.Ct. 334, 70 L.Ed.2d 171 (1981), but the finality of the lower court's decision was not a question in that case. The Eighth and Eleventh Circuits have taken conflicting approaches to the question of the finality of a judgment that grants a petition for a writ of habeas corpus without resolving all claims raised. *Compare Stewart v. Bishop*, 403 F.2d 674, 679–80 (8th Cir.1968) (no final order without resolution of all claims), *with Blake v. Kemp*, 758 F.2d 523, 525 (11th Cir.) (grant of writ is a final order), *cert. denied*, — U.S. —, 106 S.Ct. 374, 88 L.Ed.2d 367 (1985). It is not necessary, however, for us to decide today the finality of an order granting a petition. It is only necessary for us to decide the appealability of the order below, which simply dismissed some of the habeas claims.

Consideration of relevant factors mandates a decision that that order lacks finality. To allow separate claims to be dismissed and then heard on appeal while other claims remain to be adjudicated by

the district court would encourage piecemeal, and time-consuming, litigation. Promotion of such litigation would run contrary to long-standing policy, solidly grounded in the nature of the relationship between trial and appellate courts, involving the saving of time and the avoidance of unnecessary expense and unnecessary appellate lawmaking, as well as of duplicative effort on the part of all concerned. *See generally* 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3907 (1976). Moreover, in the situation here, unlike that in which (as in *Blake*) the writ is granted, petitioner has not secured "all he could hope to achieve." 758 F.2d at 525. The district court has not yet decided whether to grant or to deny petitioner the relief he seeks and will not do so until it resolves the additional claims. Thus, unlike in *Blake,* the judgment does not satisfy the classic test of finality: "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). In addition, the certification of probable cause is not equivalent to an appeal permissible under Fed.R.Civ.P. 54(b) even though all claims have not been resolved: there has been no "express determination that there is no just reason for delay" and no "express direction for the entry of judgment."

*United States ex rel. Headley v. Mancusi,* 415 F.2d 277 (2d Cir.1969), *cert. denied,* 399 U.S. 932, 90 S.Ct. 2265, 26 L.Ed.2d 802 (1970), does not require a different result. In that case, this court affirmed the district court's denial of a motion to amend a habeas petition. The court there held that it could entertain the appeal, even though other claims remained before the district court. It stated,

> [I]n view of our determination that petitioners must seek relief in the state courts of New York [with respect to the claim that petitioners sought to add], we believe that we would not be justified in imposing upon them the delay which would be involved in returning them to the district court for a complete consider-

ation of their petitions before accepting the appeal.

*Mancusi,* 415 F.2d at 278. In *Mancusi,* nothing the district court could do on remand would alter the requirement that the additional claim first had to be adjudicated in state court. In this case, in contrast, there is no procedural or jurisdictional bar preventing the federal appellate court from hearing all of petitioner's habeas claims after a final order below. While *Mancusi* suggests the possibility that this court may treat as final an order dismissing some but not all claims provided that delay would occasion serious harm to petitioner and that returning the case to the district court would be pointless, this case presents no such extraordinary circumstance.

Appeal dismissed for want of finality.