**In re LOMAS FINANCIAL CORPORATION, et al., Debtors.**

**LOMAS FINANCIAL CORPORATION, Plaintiff–Appellee,**

v.

**The NORTHERN TRUST COMPANY; Ralph I. Miller, Esq., Jerry P. Jones, Esq., Thompson & Knight; Michael R. Feagley, Esq., and Mayer, Brown & Platt, Defendants–Appellants.**

**No. 854, Docket 90–5059.**

United States Court of Appeals, Second Circuit.

Argued Jan. 8, 1991.

Decided May 1, 1991.

Kenneth E. Wile, Chicago, Ill. (Michael R. Feagley, Mayer, Brown & Platt, Chicago, Ill., Michael P. Richman, Mayer, Brown & Platt, New York City, of counsel), for defendants-appellants.

Stephen J. Kloepfer (Lowell Gordon Harriss, Laureen F. Bedell, Michael F. Orman, Davis Polk & Wardwell, New York City, of counsel), for plaintiff-appellee.

Before KEARSE, WINTER and ALTIMARI, Circuit Judges.

WINTER, Circuit Judge:

This case involves a "preliminary injunction" issued by a bankruptcy court staying a fraud and misrepresentation action against two corporate officers of the debt- or Lomas Financial Corporation ("Lomas"). The bankruptcy court found that the tort suit was effectively an action against the debtor based on a pre-petition claim and also that continued prosecution of the suit would impair the debtor's reorganization efforts. The court therefore concluded that the suit should be stayed under either the automatic stay provisions of the Bankruptcy Code ("Code") or its general provisions for injunctive relief. *See* 11 U.S.C. §§ 362(a), 105(a) (1988). The district court affirmed the bankruptcy court's decision. 117 B.R. 64. Because of doubt as to whether the order in question is final, we direct the parties to seek a statement from the bankruptcy court regarding the nature of the order entered.

In September 1989, Lomas filed a petition for reorganization under Chapter 11 of the Code. 11 U.S.C. § 301 (1988). Lomas continues to run its business as a debtor in possession pursuant to 11 U.S.C. §§ 1107, 1108 (1988).

In November 1989, the Northern Trust Company ("Northern"), one of Lomas's largest creditors, filed an action in the Northern District of Texas against two corporate officers of Lomas, Robert Byerly, its Vice President–Finance and Treasurer, and R. Steven Hall, its Assistant Vice President. According to the complaint, Byerly and Hall misrepresented the financial position of Lomas and thereby induced Northern to make a $20 million loan to Lomas. Although the complaint purported to sue Byerly and Hall as individuals, its allegations were limited to conduct they had performed on behalf of Lomas.

Northern then served on Byerly and Hall a request for documents that sought extensive material concerning Lomas's business affairs since January 1988. In particular, Northern requested (i) all communications between Lomas and Northern concerning the $20 million loan, Lomas's net worth, Lomas's financial condition, and the covenants and guarantees arising from Lomas's other indebtedness, (ii) all communications between Lomas and any other lender, (iii) all communications between Byerly and

Hall and other employees of Lomas concerning the loan or the financial condition of Lomas, and (iv) all documents concerning a special charge to income announced three days after Lomas received the loan from Northern, the possibility of bankruptcy, and any other facts or events affecting net worth.

On December 20, 1989, Lomas filed an adversary complaint in the bankruptcy court. It alleged that Northern's lawsuit against Byerly and Hall was an attempt to circumvent the automatic stay of actions against a debtor or property of the debtor's estate and to collect a pre-petition claim against Lomas. *See* 11 U.S.C. § 362(a). Lomas contended that the claims asserted against Byerly and Hall were identical to the claims that Northern would have asserted against Lomas had those claims not been enjoined by the automatic stay. Lomas sought an order directing that the complaint in that suit be withdrawn. Alternatively, Lomas alleged that the burden of assisting Byerly and Hall in complying with the document request, interference with the essential role of Byerly and Hall in the reorganization effort, the possibility of collateral estoppel against Lomas, and Lomas's indemnification obligation to Byerly and Hall were sufficient grounds to conclude that the Northern lawsuit would interfere with Lomas's reorganization. Accordingly, Lomas asked the bankruptcy court to use its general injunctive powers, 11 U.S.C. § 105(a), to enjoin Northern from further prosecution of that suit.

The bankruptcy court held a hearing at which Lomas's general counsel, James Crowson, testified about Byerly's and Hall's respective roles in the reorganization effort and the terms of Lomas's directors' and officers' liability policies. A copy of Lomas's corporate charter and copies of its two directors' and officers' insurance policies were entered in evidence. At the conclusion of the hearing, Chief Judge Lifland ruled from the bench that Northern would be enjoined from taking any additional action in the suit against Byerly and Hall.

In a written opinion issued later that day, the bankruptcy court found that Northern's lawsuit was "a transparent attempt by Northern Trust to end run the automatic stay." Relying on *A.H. Robins Co. v. Piccinin*, 788 F.2d 994 (4th Cir.), *cert. denied*, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986), it found that the suit against Byerly and Hall would impose on Lomas the burden of litigating a pre-petition cause of action, "precisely the type of activity and burden which § 362 of the Code was intended to alleviate" and ruled that Section 362(a)(1) stayed Northern's suit against Byerly and Hall. The court further observed that the indemnification obligation running from Lomas to Byerly and Hall implicated Section 362(a)(3) of the Code, which stays actions to obtain possession or control of property from the debtor's estate. *See* 11 U.S.C. § 362(a)(3) (1988). The court also concluded that the tort action would impair Lomas's reorganization attempts by distracting key personnel and by forcing Lomas to bear the burden of responding to discovery requests. Finally, the court indicated that Lomas would be bound by any findings in the tort action of wrongdoing by Byerly and Hall under the doctrine of collateral estoppel. Citing these reasons, the court concluded that the automatic stay applied of its own force to enjoin further prosecution of the Northern lawsuit.

As an alternative ground for its decision, the court relied on its authority under Section 105(a) of the Code to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a) (1988). It based its view on a number of cases in which bankruptcy courts have used Section 105 to supplement the protection afforded by the automatic stay and to protect the debtor's assets from dissipation and its employees from distraction. *See, e.g., In re Johns–Manville Corp.*, 26 B.R. 420 (Bankr. S.D.N.Y.1983) (enjoining all litigation against and discovery of debtor's employees), *aff'd*, 40 B.R. 219 (S.D.N.Y.1984), *rev'd in part*, 41 B.R. 926 (S.D.N.Y.1984) (limited discovery should be allowed where it is shown that debtor retains sole custody of such documents); *Piccinin*, 788 F.2d at 1008.

The bankruptcy court concluded that there was a substantial likelihood that Lomas would prevail on the merits, that Lomas would suffer irreparable harm if a preliminary injunction against the lawsuit were not issued, and that the threatened injury to Lomas outweighed any harm the proposed injunction might cause Northern. It then entered a "Preliminary Injunction Order" providing that:

pending a hearing on Lomas' request for permanent injunctive relief, [Northern] hereby is:

Stayed, restrained and enjoined from taking any action in the Northern Trust Lawsuit, including, but not limited to, seeking entry of a default judgment or seeking injunctive relief against the defendants named therein for any action or inaction, and directed to extend the time of Messrs. Byerly and Hall to answer, move, or otherwise respond to the Complaint in the Northern Trust Lawsuit.

Northern appealed to the district court pursuant to 28 U.S.C. § 158(a). Lomas argued before the district court that the order was not final and therefore not appealable under Section 158(a) without leave of court. Without addressing the jurisdictional issue, the district court affirmed the bankruptcy court's opinion and order in their entirety, adopting its factual findings and reasoning.

■ Northern then appealed from the district court to this court. Although its notice of appeal cites no jurisdictional provision, its main brief states that the appeal was taken under 28 U.S.C. § 158(d). However, Section 158(d) provides appellate jurisdiction over only "final" orders. Lomas did not renew its jurisdictional argument on this appeal, but we must examine *sua sponte* whether we have appellate jurisdiction.[1] *See In re Chateaugay Corp.*, 922 F.2d 86, 89 (2d Cir.1990); *Bermudez v. Smith*, 797 F.2d 108, 109 (2d Cir.1986) (per curiam).

■ Orders of a district court hearing a bankruptcy matter in the exercise of its original jurisdiction are generally appealable under the jurisdictional provisions that apply to most civil litigation, Sections 1291 and 1292 of Title 28. *See In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1282–83 (2d Cir.1990). However, when, as in the instant matter, the district court has referred a case to the bankruptcy court pursuant to 28 U.S.C. § 157, the statutory provisions for appellate review differ considerably. In such cases, an appeal may be taken to the district court, or a bankruptcy appellate panel, from "final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees" issued by the bankruptcy judge. *See* 28 U.S.C. § 158(a) (1988). Subsequent review by courts of appeals exists only for "final decisions, judgments, orders, and decrees entered under [Section 158(a) and (b) ]." 28 U.S.C. § 158(d) (1988). There is thus no statutory provision for court of appeals review of interlocutory orders that originate in the bankruptcy court.

■ Our recent decision in *Germain v. Connecticut Nat'l Bank*, 926 F.2d 191, 194 (2d Cir.1991), held that Section 158(d) is the exclusive source of court of appeals jurisdiction over orders of district courts reviewing bankruptcy court rulings. There is thus no court of appeals jurisdiction over non-final orders originating in the bankruptcy court, and the crucial question in the instant matter is whether the injunctive order was "final" within the meaning of Section 158(d). *See Bowers v. Connecticut Nat'l Bank*, 847 F.2d 1019, 1022 (2d Cir. 1988). We conclude that the record is ambiguous in this regard.

■ The injunction was described by the bankruptcy court as "preliminary" and "pending a hearing on Lomas' request for permanent injunctive relief." The district court used similar language, although it did not grant leave to appeal as expressly required by Section 158(a). Both courts also found a likelihood that Lomas would prevail on the merits and would be irreparably

---

1. In response to our request at oral argument, the parties submitted supplementary letter briefs on the question of appellate jurisdiction.

harmed if an injunction were not issued. The labeling and legal standards applied are thus self-evidently the stuff of interlocutory orders. We are not sure, however, that this language and analysis, which is after all often boilerplate, reflects reality.

■ The ambiguity we detect is whether the bankruptcy court contemplates: (1) a further hearing on whether the tort action should be enjoined either under Section 362 or 105; or (2) only further proceedings regarding the reorganization, the success or failure of which will in turn determine the need to enjoin the tort action. The subject matter of the contemplated further hearings governs our jurisdiction. If the bankruptcy court contemplates no further hearing on whether Lomas is entitled to an injunction against the tort action apart from the success, or lack thereof, of the reorganization, then the order before us is final as to that issue and would be appealable. If issued under Section 362, we would have jurisdiction on the ground that the automatic stay is analogous to a permanent injunction. *See In re Sonnax Industries, Inc.*, 907 F.2d at 1285; *Di Pierro v. Taddeo (In re Taddeo)*, 685 F.2d 24, 26 n. 4 (2d Cir.1982).[2] If issued under Section 105, the order would be appealable as a "final injunction of limited duration." *See Manning v. Energy Conversion Devices, Inc.*, 833 F.2d 1096, 1101 (2d Cir.1987) ("preliminary" injunction pending arbitration appealable as final injunction of limited duration). Such orders, although often labeled "preliminary," are entered to preserve the status quo pending the completion of some other proceeding in the issuing court or some other tribunal. *See Metropolitan Life Insurance Co. v. RJR Nabisco, Inc.*, 906 F.2d 884, 888–89 (2d Cir.1990) (order tolling debenture cure provision until breach of covenant determination is final). In the case of the typical preliminary injunction, the status quo is maintained pending a full trial on the merits of that status

quo. In the case of the final injunction of limited duration, certain acts are enjoined pending the resolution of a related proceeding such as the arbitration in *Manning* or breach of contract claim in *Metropolitan Life*.

Our doubt as to the nature of the order arises from the following facts. The record does not suggest that the bankruptcy court contemplates further proceedings regarding whether the tort action is subject to the automatic stay or enjoinable under Section 105, in contrast to further proceedings concerning the reorganization itself. The injunction is of a kind that requires expedition and that is rarely, if ever, issued as a preliminary matter to be followed later by a full trial regarding the entitlement to an injunction. The hearing held was sufficient to issue an injunction that would be effective until conclusion of the reorganization proceedings, and no trial date was set. We perceive no evidentiary submissions that would improve the record as it stands or any reason why an experienced bankruptcy judge would utilize such seemingly superfluous and time-consuming procedures. The practicalities of the situation thus suggest to us finality.

Moreover, the district court has affirmed on the merits without granting leave to review in the face of a jurisdictional argument based on a statute that expressly deprives it of jurisdiction to review an interlocutory order absent leave of court. *See* 28 U.S.C. § 158(a). This is evidence that the district court believed the order final.

To avoid repetitive proceedings, we direct the parties to seek a supplemental statement from the bankruptcy judge as to whether he intended the injunction to be preliminary in the sense that a trial concerning whether Lomas is entitled to any form of injunctive relief under Sections 362 or 105 will follow or whether it was preliminary only in the sense that, as proceedings

**2.** *Sonnax* involved an appeal from a denial of a motion to lift the automatic stay whereas the instant case involves an appeal from an order holding, inter alia, that the automatic stay applies to the action. We do not believe that this difference is a distinction of consequence to the

finality issue. A decision that the stay applies to the tort action is final as to that issue and is appealable. Whether, the applicability of Section 362 having been determined, the grounds for relief specified in Section 362(d)(1) and (2) exist is another question.

concerning the reorganization continued, the need for such an order might be reexamined in light of the prospects for reorganization. We will retain jurisdiction pending supplementation of the record, after which we will resolve the issue of appellate jurisdiction and the merits, if appropriate.