841 F.2d 524
 17 Bankr.Ct.Dec. 834
 In re WHITE BEAUTY VIEW, INC. and Guccini, Inc., Debtors.
George E. CLARK, Jr., Esquire, Trustee, Plaintiff,
v.
FIRST STATE BANK, Now By Merger Merchants Bank,
Defendant-Third Party Plaintiff,
v.
Leroy GUCCINI, Lois Guccini, Richard Guccini, and Beverly
Guccini, Third-Party Defendants.
Appeal of MERCHANTS BANK.
 Nos. 87-5473, 87-5474.
 United States Court of Appeals,
Third Circuit.
 Submitted Pursuant To
Third Circuit Rule 12(6) January 20, 1988.
Decided March 15, 1988.
 
 Myles R. Wren, Nogi, Appleton, Weinberger & Wren, P.C., Scranton, Pa., for appellant.
 George E. Clark, Jr., McHale & Clark, Scranton, Pa., for appellee.
 Steven R. Guccini, Hawley, Pa., for third party defendants.
 Before GIBBONS, Chief Judge, and WEIS and GREENBERG, Circuit Judges.
 OPINION OF THE COURT
 WEIS, Circuit Judge.
 
 
 1
 This appeal challenges the district court's affirmance of a bankruptcy judge's order in an adversary proceeding. The order did not adjudicate all the claims in the adversary proceeding, the parties did not obtain certification under Bankruptcy Rule 7054, and the district court did not grant leave to appeal the interlocutory order. Consequently, the district court lacked jurisdiction as do we. The appeal will be dismissed.
 
 
 2
 The district court affirmed the bankruptcy judge's order allowing the debtor's estate to recover from the Merchants' Bank sums paid on a mortgage and note. The bank and a third-party defendant have appealed.
 
 
 3
 The debtor, White Beauty View, Inc., operated a vacation resort on the shores of Lake Wallenpaupack, Pennsylvania. As part of its business, White Beauty View rented to its patrons two guest units known as the V.I.Ps. These units, located on property adjacent to that of the company, were owned by Leroy Guccini, his brother Richard, and their wives. The Guccinis were also the principal stockholders of White Beauty View, a family business for fifty-nine years.
 
 
 4
 The V.I.P. suites were subject to a mortgage held by the Merchants' Bank. Payments on the mortgage were made by White Beauty View in return for use of the units. These payments continued even after White Beauty filed for reorganization under Chapter 11 in October 1983, and conducted business as a debtor-in-possession.
 
 
 5
 In addition, the debtor paid $2,356.90 on its note to the Merchants' Bank, given in September 1983, one month before bankruptcy.
 
 
 6
 In December 1985, the bankruptcy court converted the proceedings to a Chapter 7 liquidation and appointed George E. Clark, Jr. as trustee. Upon discovering the payments made to the bank on behalf of the Guccini mortgage and on the note, the trustee filed an adversary proceeding to recover from the bank $29,994.73 paid on the mortgage as well as $2,356.90 paid on the note.
 
 
 7
 On motion of the bank and with approval of the bankruptcy court, the Guccinis were joined as codefendants in the adversary action. The bank cross-claimed against them for indemnity; in turn, the Guccinis counterclaimed against the bank.
 
 
 8
 The trustee moved for summary judgment against the bank, asserting that "disposition of this motion will not conclude any issues concerning liability of the additional defendants." The bankruptcy judge entered summary judgment against the bank in the amounts paid on the mortgage and the note.
 
 
 9
 The Guccinis, however, were not served with a copy of the motion for summary judgment, remaining unaware of it until after the judgment had been entered. Furthermore, the bankruptcy judge did not enter any order disposing of the claims by the trustee and the bank against the Guccinis.
 
 
 10
 Both the bank and the Guccinis appealed the summary judgment to the district court. Finding that the payments of $2,356.90 on the note were not authorized since it was a pre-petition debt, the district court concluded that the trustee was entitled to recovery. No appeal has been taken from that phase of the district court's order.
 
 
 11
 The district judge also affirmed the order directing the bank to reimburse the trustee for the amounts received on the Guccini mortgage. Noting that although "it was an unintended oversight that the Guccinis were not served with a copy" of the summary judgment motion, the district court found that they had demonstrated no prejudice from their lack of opportunity to respond. The court ruled that the mortgage installments could not be considered a proper lease payment between White Beauty View and the Guccinis because no approval had been obtained from the bankruptcy court. The bank and the Guccinis then appealed to this court.
 
 
 12
 The parties cite the pertinent statute governing appellate jurisdiction in bankruptcy cases, 28 U.S.C. Sec. 158 (Supp. III 1985). Section 158(a) authorizes district courts to hear appeals from "final judgments, orders, and decrees, and with leave of the court, from interlocutory orders and decrees of bankruptcy judges." The court of appeals has jurisdiction to entertain appeals from the district court "from all final decisions, judgments, orders, and decrees entered under subsection (a)...." Notwithstanding the parties' use of the correct provision, they miss several factors which bar us from entertaining this appeal.
 
 
 13
 As we observed in In re Jeannette Corp., 832 F.2d 43, 45 (3d Cir.1987), although the district court may grant leave to appeal from interlocutory orders, no such power is granted to the court of appeals--our jurisdiction is limited to final orders and judgments of the bankruptcy courts and district courts. See also In re Looney, 823 F.2d 788, 791 n. 3 (4th Cir.), cert. denied, --- U.S. ----, 108 S.Ct. 488, 98 L.Ed.2d 486 (1987); In re Brown, 803 F.2d 120, 122 (3d Cir.1986); In re The Charter Co., 778 F.2d 617, 621 (11th Cir.1985); In re Fox, 762 F.2d 54, 55 (7th Cir.1985); Four Seas Center Ltd, 754 F.2d 1416, 1418 (9th Cir.1985); In re Adirondack Ry., 726 F.2d 60, 64 (2d Cir.1984); In re Comer, 716 F.2d 168, 172, (3d Cir.1983).
 
 
 14
 Initially, we must address the question whether the order of the bankruptcy judge here is "final." Considerations unique to bankruptcy appeals have led us to construe the factor of finality somewhat more broadly in this context than under 28 U.S.C. Sec. 1291. In re Amatex Corp., 755 F.2d 1034, 1039 (3d Cir.1985); Comer, 716 F.2d at 171. The finality issue must be resolved with respect to the decisions of both the bankruptcy judge and the district court. In re Meyertech Corp., 831 F.2d 410, 413-14 (3d Cir.1987). Walsh Trucking Co., Inc. v. Insurance Co. of North America, 838 F.2d 698, (3d Cir.1988); Brown, 803 F.2d at 123 (finality of district court order); Comer, 716 F.2d at 173 (finality of bankruptcy court order). See also In re Johns-Manville Corp. (Dubin), 824 F.2d 176 (2d Cir.1987).
 
 
 15
 We interpret finality pragmatically in bankruptcy cases because these proceedings often are protracted and involve numerous parties with different claims. To delay resolution of discrete claims until after final approval of a reorganization plan, for example, would waste time and resources, particularly if the appeal resulted in reversal of a bankruptcy court order necessitating re-appraisal of the entire plan. See Walsh, 838 F.2d at 701; Brown, 803 F.2d at 123; Comer, 716 F.2d at 172.
 
 
 16
 Despite that relaxed view of finality in the bankruptcy setting as a whole, the general antipathy toward piecemeal appeals still prevails in individual adversary actions. As we commented in Jeannette, inefficient use of judicial resources is as objectionable in bankruptcy appeals as in other fields. Jeannette, 832 F.2d at 46. See The Charter Co., 778 F.2d at 621 (the particular adversary proceeding must be finally resolved, rather than the entire bankruptcy litigation); Fox, 762 F.2d at 55 (proceeding to establish claim against bankrupt estate is final for purposes of appeal when completed, even though the bankruptcy continues).
 
 
 17
 Following that reasoning, we have deemed final an order of the bankruptcy judge expunging a creditor's claim, Walsh, 838 F.2d at 701, and an order lifting the automatic stay subjecting real property to immediate foreclosure, Comer, 716 F.2d at 172. However, we have refused to consider final an order of the bankruptcy court finding the debtor's attorneys subject to sanctions but not determining the amount or form of the penalty. Jeannette, 832 F.2d at 46. Nor is an order final when it upholds liability, but does not fix the amount of damages. Fox, 762 F.2d at 55. Thus, in assessing the finality of a bankruptcy court order adjudicating a specific adversary proceeding, we apply the same concepts of appealability as those used in general civil litigation. E.g., In re Smith, 735 F.2d 459, 461 (11th Cir.1984) (denial of summary judgment by a bankruptcy judge is not a final order).
 
 
 18
 This approach to finality includes the exceptions enumerated in Fed.R.Civ.P. 54(b), the language of which is tracked by Bankruptcy Rule 7054(a):
 
 
 19
 "When more than one claim for relief is presented in an action, ... or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties...."
 
 
 20
 In the case before us, the bankruptcy court has yet to resolve the claims of the estate against the Guccinis, their counterclaim, or the bank's cross-claim against the Guccinis for indemnity. Consequently, absent a Rule 7054 certification by the bankruptcy judge, the entry of summary judgment against the bank was neither final nor appealable to the district court.[1] Adirondack Ry., 726 F.2d at 62; In re King City Transit Mix, Inc., 738 F.2d 1065, 1066 (9th Cir.1984) (per curiam). Therefore, because the bankruptcy court's order was not final, the district court's order was not final and we have no jurisdiction over these appeals.
 
 
 21
 One other matter remains to be addressed. As we observed, the district court possesses jurisdiction "with leave of the court" to hear appeals from "interlocutory orders and decrees[ ] of bankruptcy judges." 28 U.S.C. Sec. 158(a). Having determined that the order of the bankruptcy judge was interlocutory, we recognize that if it had granted leave for appeal, the district court would have had jurisdiction. The record, however, does not reveal any district court order allowing an appeal or any request by the bank or the Guccinis.
 
 
 22
 Bankruptcy Rules 8001-04 govern appeals by leave. Rule 8001(b) provides that "[a]n appeal from an interlocutory judgment, order or decree of a bankruptcy judge ... shall be taken by filing a notice of appeal ... accompanied by a motion for leave to appeal." Rule 8003(a) requires that a motion for leave to appeal contain a statement of the facts necessary to an understanding of the questions presented by the appeal, a statement of those questions and the relief sought, a statement of the reasons why an appeal should be granted, and a copy of the order. If a motion for leave to appeal is not filed, but a notice of appeal is timely filed, "the district court or bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed." Bankr. 8003(c).
 
 
 23
 The Advisory Committee note to subsection (c) explains that the district court has three options: direct that a motion be filed; grant leave to appeal exclusively on the papers already filed; or deny leave to appeal. Nothing in the record indicates that the district court chose any of those alternatives. See In re Committee of Asbestos-Related Litigants, 749 F.2d 3, 5 (2d Cir.1984).
 
 
 24
 Arguably, by actually ruling on the bank's appeal the district court impliedly granted leave to appeal the interlocutory order. We are not inclined, however, to approve such a practice. The statute specifically demands leave, and litigants who wish to benefit from that statutory provision should abide by its requirements. Moreover, by complying with Rule 8003(a), the litigants will alert the district court to the need for an informed exercise of discretion in deciding whether to grant leave to appeal.
 
 
 25
 In any event, were we to assume that the district judge had impliedly granted leave, we still would lack jurisdiction. The appeal to us would be from an interlocutory, and not a final, order.
 
 
 26
 The appeals will be dismissed.
 
 
 
 [1]
 It is likely that the error in failing to serve the Guccinis would have been discovered if the bank had requested certification under Rule 7054(a). The Guccinis would then have been given the opportunity to present their defense petition to the bankruptcy court, a right to which they are entitled