**In re Dennis BELLI, Debtor.**

**Dennis Belli, Appellant/Cross–Appellee,**

**v.**

**William Temkin, Appellee/Cross–Appellant.**

BAP Nos. CC–00–1808–MaBK,
CC–01–1021–MaBK.
Bankruptcy No. LA 00–22059 TD.
Adversary No. LA 00–01926 TD.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Submitted July 25, 2001.

Decided Oct. 17, 2001.

Michael J. Kurz, Law Offices of Michael J. Kurz, Manhattan Beach, CA, for Dennis Belli.

Jamie R. Schloss, Los Angeles, CA, for William Temkin.

Before: MARLAR, BRANDT, and KLEIN, Bankruptcy Judges.

## OPINION

MARLAR, Bankruptcy Judge.

This appeal presents a basic problem of federal trial practice and illustrates the role of Federal Rule of Civil Procedure 54(b) ("Rule 54(b)") in distinguishing final from interlocutory orders in appeals involving bankruptcy adversary proceedings.

In an adversary proceeding on a two-count complaint to determine nondischargeability of a debt, the bankruptcy court granted summary judgment for the plaintiff-creditor on only one count and neither resolved nor dismissed the second count. Moreover, the court did not make a Rule 54(b) certification, which would thereby make its order final and appealable.

The defendant-debtor appealed the order granting partial summary judgment, and the creditor cross-appealed on the unresolved count. We decline to interfere with the unfinished adversary proceeding and DISMISS the appeal as interlocutory.

## FACTS

Appellant Dennis Belli filed his chapter 7 bankruptcy after a four-day bench trial in state court on a complaint by appellee/cross-appellant William Temkin that resulted in a money judgment for fiduciary fraud and conversion.

Temkin filed an adversary proceeding to except the debt from discharge for fiduciary fraud and willful and malicious conduct per 11 U.S.C. §§ 523(a)(4) and (a)(6)[1].

The court granted Temkin's motion for summary judgment only in part. It limited its ruling to § 523(a)(6) and deleted references to § 523(a)(4) from proposed findings. The order granting the motion did not purport to dispose of that count.

Nor did the court make the express determination under Rule 54(b) that "there is no just reason for delay" in entering judgment on fewer than all the claims, which is prerequisite to entry of a final judgment in such circumstances. No judgment separate from the order granting the motion for summary judgment was entered.

Belli appealed the order granting summary judgment on the § 523(a)(6) count. Temkin cross-appealed on the unresolved § 523(a)(4) count.

At oral argument of this appeal, the parties agreed that the § 523(a)(4) count was unresolved and that it may require a trial.

## ISSUES

1. Whether there is appellate jurisdiction "as of right," under 28 U.S.C. § 158(a)(1), over an order granting partial summary judgment in an adversary proceeding without a Rule 54(b) certification.

2. Whether discretionary appellate jurisdiction should be exercised, under 28 U.S.C. § 158(a)(3), over the order granting partial summary judgment.

## STANDARD OF REVIEW

■ We raise the question of our appellate jurisdiction *sua sponte* and address it *de novo*. *Pizza of Hawaii, Inc. v. Shakey's, Inc. (In re Pizza of Hawaii, Inc.),* 761 F.2d 1374, 1377 (9th Cir.1985); *Menk*

---

1. Unless otherwise indicated all section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 through 1330.

*v. LaPaglia (In re Menk)*, 241 B.R. 896, 903 (9th Cir. BAP 1999).

## DISCUSSION

Whether the order on appeal is final or interlocutory controls whether we have bankruptcy appellate jurisdiction. We review the finality rules as applied to adversary proceedings in general and then focus upon Rule 54(b).

### I

We have appellate jurisdiction over "final judgments, orders, and decrees" of bankruptcy judges pursuant to 28 U.S.C. § 158(a)(1). In contrast, we lack appellate jurisdiction over interlocutory orders and decrees of bankruptcy judges (except chapter 11 exclusivity orders governed by 28 U.S.C. § 158(a)(2)) unless we first grant leave to appeal under § 158(a)(3).[2]

Applying the concept of finality under 28 U.S.C. § 158(a)(1) for appeals "as of right" has bedeviled courts because the idiosyncrasies of bankruptcy sometimes make it difficult to discern whether orders entered in bankruptcy cases are final in the classic sense of ending litigation on the merits and leaving nothing for the court to do but execute the judgment. *See, Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945) (finality); *Elliott v. Four Seasons Props. (In re Frontier Props., Inc.)*, 979 F.2d 1358, 1362–64 (9th Cir.1992) (bankruptcy finality); Edith H. Jones, *Bankruptcy Appeals*, 16 T. Marshall L.Rev. 245, 253 (1991).

### A

A pragmatic approach has emerged for bankruptcy disputes which poorly fit the traditional finality model. "Flexible finality" focuses upon whether the order affects substantive rights and finally determines a discrete issue. *Dominguez v. Miller (In re Dominguez)*, 51 F.3d 1502, 1506 (9th Cir.1995); *Frontier Props.*, 979 F.2d at 1363; 16 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Fed.Prac. & Proc. § 3926.2 (1996) ("Wright & Miller").

■ This "flexible finality" approach to appellate jurisdiction under 28 U.S.C. § 158(a)(1) is, however, no panacea. Its application can be unpredictable and create dilemmas for counsel about whether and when to file a notice of appeal. Thus, the actual amount of flexibility applied depends on the circumstances. There is little flexibility when traditional finality rules are adequate to the task.

### B

Adversary proceedings are merely federal civil actions under another name, and do not ordinarily present the types of uncertainties that necessitate "flexible finality" analysis.

Adversary proceedings are a "single judicial unit." The parties are named in the pleadings; the claims are those presented in the respective counts of the complaint. The litigation is conducted under the Federal Rules of Civil Procedure (as incorporated by Bankruptcy Rules) and follows the ordinary pattern of summons and complaint, answer, discovery, pretrial, trial,

---

**2.** Judicial Code § 158(a) provides in pertinent part:

 (a) The district courts of the United States shall have jurisdiction to hear appeals

 (1) from final judgments, orders, and decrees;

 (2) from interlocutory orders and decrees issued under section 1121(d) of title 11

increasing or reducing the time periods referred to in section 1121 of such title; and

 (3) with leave of the court, from other interlocutory orders and decrees;

 ... of bankruptcy judges....

28 U.S.C. § 158(a).

and judgment. Christopher M. Klein, *Bankruptcy Rules Made Easy (2001): A Guide to the Federal Rules of Civil Procedure that Apply in Bankruptcy*, 75 Am. Bankr. L.J. 35 (2001).

What is significant about the applicability of the Federal Rules of Civil Procedure for our purposes is that they were constructed with ordinary principles of finality in mind.

■ Thus, we hold that finality for purposes of jurisdiction over "as of right" appeals under 28 U.S.C. § 158(a)(1) in adversary proceedings does not differ from finality in ordinary federal civil actions under 28 U.S.C. § 1291. *Walther v. King City Transit Mix, Inc. (In re King City Transit Mix, Inc.)*, 738 F.2d 1065, 1066 (9th Cir.1984), *followed by Dzikowski v. Boomer's Sports & Recreation Ctr., Inc. (In re Boca Arena, Inc.)*, 184 F.3d 1285, 1287 (11th Cir.1999), *and by Clark v. First State Bank (In re White Beauty View, Inc.)*, 841 F.2d 524, 526–27 (3d Cir.1988).

## II

Rule 54(b) controls the analysis of finality of judgments for purposes of appeal in federal civil actions, including bankruptcy adversary proceedings. Fed.R.Civ.P. 54(b), *incorporated by* Fed.R.Bankr.P. 7054(a).[3]

### A

The rule gives the trial court authority to enter an early final order that disposes of fewer than all the claims or fewer than all the parties. The court does so by making an express determination that there is no just reason for delay, together with an express direction that judgment be entered. In this manner, adjudication of a single "claim" may become an early final judgment. 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane § 2653 (1998).

■ Rule 54(b) reflects the federal policy against piecemeal appeals and waste of judicial resources. *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980); *cf. Frontier Props.*, 979 F.2d at 1362.

■ Rule 54(b) is applied in a mechanical manner, as implied by the terms "*express* determination" and "*express* direction" in the language of the rule. A mere reference to Rule 54(b) without both the express determination and express direction does not suffice. *Frank Briscoe Co. v. Morrison–Knudsen Co.*, 776 F.2d 1414, 1415–16 (9th Cir.1985). Either the so-called "Rule 54(b) certification" or "Rule 54(b) order" appears on the face of the record using mandated express language or it is absent.

There are two primary consequences if the so-called "Rule 54(b) certification" is

---

3. Rule 54(b) provides:

(b) *Judgment Upon Multiple Claims or Involving Multiple Parties.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such deter-

mination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Fed.R.Civ.P. 54(b), *incorporated by* Fed. R.Bankr.P. 7054(a).

not present. First, such an order is interlocutory and not appealable as a final order. *Curtiss–Wright,* 446 U.S. at 7–8, 100 S.Ct. 1460; 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE § 2715 (1998); 11 JAMES WM. MOORE, MOORE'S FED.PRAC.3D § 56.41[2][b][ii] (2001) ("MOORE"). This usually means that the appeal must be dismissed. *Wolf v. Banco Nacional de Mexico,* 721 F.2d 660, 661–62 (9th Cir.1983); 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE § 2660 ("appeal must be dismissed even though the parties do not object to the lack of a certificate").

Second, such an order may be revised "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R.Civ.P. 54(b).

## B

Appellate courts have consistently applied Rule 54(b) in bankruptcy adversary proceedings. *King City,* 738 F.2d at 1066–67 (9th Cir.); *accord, Smith Barney, Inc. v. Strangie (In re Strangie),* 192 F.3d 192, 195 (1st Cir.1999); *Boca Arena,* 184 F.3d at 1286–87 (11th Cir.); *Millers Cove Energy Co. v. Moore (In re Millers Cove Energy Co.),* 128 F.3d 449, 452 (6th Cir.1997); *LTV Steel Co. v. UMW (In re Chateaugay Corp.),* 922 F.2d 86, 90 (2d Cir.1990); *Adelman v. Fourth Nat'l Bank & Trust Co. (In re Durability, Inc.),* 893 F.2d 264, 265–66 (10th Cir.1990); *White Beauty View,* 841 F.2d at 526 (3d Cir.); *Section 1120(a)(1) Comm. v. Interfirst Bank Dallas (In re Wood & Locker, Inc.),* 868 F.2d 139, 143 (5th Cir.1989).

## C

■ A bankruptcy appellate court's jurisdiction over an order (even one denominated a "judgment") in an adversary proceeding in which not all claims against all parties have been resolved depends upon whether the requisite Rule 54(b) certification appears on the face of the record.

If there is a Rule 54(b) certification, it is treated as a final order over which appellate jurisdiction exists "as of right" under 28 U.S.C. § 158(a)(1).

If there is no Rule 54(b) certification, then the order is interlocutory, and appellate jurisdiction depends upon whether the appellate court grants leave to appeal under 28 U.S.C. § 158(a)(3).

If leave to appeal is not granted, then the aggrieved party must, under the doctrine of cumulative finality, await the entry of the order that finally disposes of the last open claim or party, and until that time the trial court remains free to change the interlocutory order.

## III

■ One count of the complaint in the instant appeal was left unresolved when the bankruptcy court acted on the motion for summary judgment. Nor was there a Rule 54(b) certification.

Although the order granting the summary judgment motion included language typical of a judgment ("Belli is denied discharge [*sic*] as to the debt owed plaintiff"), it was not a judgment under Federal Rule of Civil Procedure 58 for two reasons.

First, an order granting a motion for summary judgment is not a judgment—Rule 58 requires a separate document. Fed.R.Civ.P. 58, *incorporated* by Fed. R.Bankr.P. 9021.

Second, Rule 54(b) makes plain that a "judgment" that does not resolve an adversary proceeding as to all remaining counts and parties and that lacks a Rule 54(b) certification is not a final judgment.

It is long-settled that a grant of partial summary judgment without a Rule 54(b)

certification is interlocutory and not within an appellate court's jurisdiction over final orders. *E.g., Chacon v. Babcock,* 640 F.2d 221, 222 (9th Cir.1981).

Until such time as the court resolves the open § 523(a)(4) count by dismissal or judgment, the court remains free under Rule 54(b) to change its mind about the § 523(a)(6) count as to which it granted partial summary judgment.

In these circumstances, the order on appeal is not a final order. Hence, we lack jurisdiction under 28 U.S.C. § 158(a)(1).

Since the order granting partial summary cannot be appealed "as of right" under 28 U.S.C. § 158(a)(1), the focus shifts to whether there is appellate jurisdiction under one of the judge-made exceptions to the final order doctrine or whether we should nevertheless grant leave to appeal under 28 U.S.C. § 158(a)(3).

## IV

■ Four judge-made exceptions to the final judgment rule—the collateral order, practical finality, death knell, and pragmatic finality doctrines—emerge from the cases. 19 MOORE §§ 202.07 – 202.10. None of them apply to this appeal.

■ The collateral order doctrine is inapplicable because the issue is neither separate from the merits of the appeal nor effectively unreviewable after final judgment. *Stringfellow v. Concerned Neighbors in Action,* 480 U.S. 370, 375, 107 S.Ct. 1177, 94 L.Ed.2d 389 (1987).

■ The practical finality doctrine requires irreparable injury that is not entailed by this appeal. *Republic Natural Gas Co. v. Oklahoma,* 334 U.S. 62, 68, 68 S.Ct. 972, 92 L.Ed. 1212 (1948).

■ The death knell doctrine, to the extent it retains vitality, requires that the appellant have been put effectively out of court, which has not happened here. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 8–10 & n. 11, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

■ The pragmatic finality doctrine requires, among other elements, an unsettled issue of national significance. *Service Employees Int'l Union, Local 102 v. County of San Diego,* 35 F.3d 483, 485 (9th Cir.1994) *amended and superseded on other grounds,* 60 F.3d 1346 (9th Cir.1994); *In re Subpoena Served on the Cal. Pub. Util. Comm'n,* 813 F.2d 1473, 1479–80 (9th Cir. 1987). This appeal presents a garden-variety non-dischargeability issue of significance only to the parties.

In short, there is no available exception to the final judgment rule which applies to this case.

## V

■ We may treat a notice of appeal from an interlocutory order, as to which 28 U.S.C. § 158(a)(3) requires leave to appeal, as a motion for leave to appeal. Fed. R.Bankr.P. 8003(c);[4] *Official Comm. v. Credit Lyonnais Bank Nederland (In re*

---

4. Rule 8003(c) provides:
 (c) *Appeal Improperly Taken Regarded as a Motion for Leave to Appeal.* If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court or bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed. The district court or the bankruptcy appellate pan-

el may also deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal. Unless an order directing that a motion for leave to appeal be filed provides otherwise, the motion shall be filed within 10 days of entry of the order.
Fed.R.Bankr.P. 8003(c).

*NSB Film Corp.),* 167 B.R. 176, 180 (9th Cir. BAP 1994).

We look for guidance to standards developed under 28 U.S.C. § 1292(b) to determine if leave to appeal should be granted, even though the procedure is somewhat different.[5] *Lompa v. Price (In re Price),* 79 B.R. 888, 889 (9th Cir. BAP 1987), *aff'd,* 871 F.2d 97 (9th Cir.1989).

 We may exercise our discretion to grant leave to appeal in order to avoid wasteful litigation and expense where the appeal presents a meritorious issue on a controlling question of law and an immediate appeal would materially advance the ultimate termination of the litigation. *NSB Film Corp.,* 167 B.R. at 180.

Those factors do not militate in favor of immediate appeal in this instance because circumstances exist that may cause the court to revisit the § 523(a)(6) count. It invoked the phrase "without just cause or excuse" in its findings in a fashion that suggests it was applying the Ninth Circuit's *Cecchini* decision. *Impulsora Del Territorio Sur, S.A. v. Cecchini (In re Cecchini),* 780 F.2d 1440, 1443 (9th Cir. 1986). A Ninth Circuit panel recently cast doubt on the continuing vitality of that aspect of *Cecchini. Peklar v. Ikerd (In re Peklar),* 260 F.3d 1035, 1037–38 (9th Cir. 2001). This may prompt the trial court to adjust its order and to make findings that are materially different from what presently appears.

Accordingly, we decline to intermeddle with the trial court's handling of the adversary proceeding until it has completed its task. Treating the notice of appeal as a motion for leave to appeal, the motion will not be granted.

## VI

The cross-appeal on the § 523(a)(4) count is likewise beyond our jurisdiction. In the first place, there is no order from which to appeal. To the extent it calls into question the court's refusal to act, it may be construed as seeking relief in the nature of mandamus without making the type of showing that would be necessary for us to take so extraordinary a step. In short, we lack jurisdiction over the cross-appeal.

## *CONCLUSION*

The order granting partial summary judgment lacks a Rule 54(b) certification expressly determining that there is no just reason for delay and expressly directing entry of judgment. We lack jurisdiction under 28 U.S.C. § 158(a)(1) and decline to take jurisdiction by way of leave to appeal under 28 U.S.C. § 158(a)(3). The appeal and the cross-appeal are, therefore, DISMISSED.

---

5. That statute provides in pertinent part:

(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.
28 U.S.C. § 1292(b)