NOT FOR PUBLICATION

**FILED**

**FEB 1 2021**

**SUSAN M. SPRAUL, CLERK**
**U.S. BKCY. APP. PANEL**
**OF THE NINTH CIRCUIT**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>CHARLES A. HAMM, II,<br>          Debtor. | BAP No. CC-20-1132-LGF<br><br>Bk. No. 9:18-bk-10785-DS |
| CHARLES A. HAMM, II,<br>          Appellant,<br>v.<br>SHANNA BURCAR; JOHN C. BARLOW;<br>NANCY BARLOW,<br>          Appellees. | Adv. No. 9:18-ap-01045-DS<br><br>**MEMORANDUM**<br>**DISMISSING APPEAL** |

Before: LAFFERTY, GAN, and FARIS, Bankruptcy Judges.

This is an appeal from the bankruptcy court's order entered May 19, 2020, awarding attorneys' fees to appellees on their claims under § 727(a)(4) and § 523(a)(6) ("Fee Order").

The Panel has reviewed the Fee Order, the parties' briefs, and the appellate record, as well as the bankruptcy court docket and relevant imaged pages.

After this appeal was filed, this Panel vacated and remanded the bankruptcy court's grant of summary judgment on the § 523 claim. That decision is currently on appeal at the Ninth Circuit Court of Appeals.

The order on appeal is interlocutory because there has not been a full and final disposition of the adversary proceeding. *Temkin v. Belli (In re Belli)*, 268 B.R. 851, 855 (9th Cir. BAP 2001) (for purposes of jurisdiction over bankruptcy appeals under 28 U.S.C. § 158(a)(1), finality in adversary proceedings does not differ from finality in ordinary federal civil actions under 28 U.S.C. § 1291). Appeal of an interlocutory order requires leave of the Panel. *See* 28 U.S.C. § 158.

Leave to appeal is appropriate if the proposed appeal involves (1) a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) interests of judicial economy would be served because an immediate appeal may materially advance ultimate termination of the litigation or avoid wasted litigation. *See, e.g., Lompa v. Price (In re Price)*, 79 B.R. 888, 889 (9th Cir. BAP 1987), *aff'd*, 871 F.2d 97 (9th Cir. 1989). Those criteria are not met here. Although appellees urge the Panel to review the portion of the order that awarded fees under Civil Rule 37, that fee award is not easily severable from the portion of the fee award that is based on the California anti-SLAPP statute. An immediate review of that portion of the order would not materially advance the ultimate termination of the litigation because the § 523 claim has not been finally adjudicated.

Appellant will be able to challenge the Fee Order upon timely appeal from a final judgment in the adversary proceeding. *See Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 897-98 (9th Cir. 2001); *Baldwin v. Redwood City*, 540 F.2d 1360, 1364 (9th Cir. 1976).

This appeal is hereby ORDERED DISMISSED as interlocutory.[1]

A certified copy of this order sent to the bankruptcy court shall serve as the Panel's mandate.

---

[1] Appellant filed two motions in this appeal. The first is a Motion to Remand. The dismissal of this appeal renders that motion moot. The second is a Motion to Dismiss Plaintiff's Second Cause of Action. The Panel has remanded that claim to the bankruptcy court. Accordingly, we lack jurisdiction to grant either motion, and both are DENIED.