**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>ANNA CHABROWSKI,<br>        Debtor. | BAP No. AZ-20-1232-LBT<br><br>Bk. No. 2:19-bk-00690-MCW |
| ANNA CHABROWSKI,<br>        Appellant,<br>v.<br>BANK OF NEW YORK MELLON, f/k/a<br>Bank of New York,<br>        Appellee. | Adv. No. 2:19-ap-00285-MCW<br><br>**MEMORANDUM\*** |

Appeal from the United States Bankruptcy Court
for the District of Arizona
Madeline Carmel Wanslee, Bankruptcy Judge, Presiding

Before: LAFFERTY, BRAND, and TAYLOR, Bankruptcy Judges.

## INTRODUCTION

Chapter 13[1] debtor Anna Chabrowski appeals the bankruptcy court's

order dismissing without prejudice her adversary proceeding against Bank

---

    \* This disposition is not appropriate for publication. Although it may be cited for
whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential

of New York Mellon ("BONYM")[2] after her repeated failures to effect service in accordance with Rule 7004 within the time prescribed by Civil Rule 4(m), applicable in bankruptcy via Rule 7004.

Although the parties did not raise the issue of finality, we have an independent duty to determine our own jurisdiction. Because the order on appeal is interlocutory, we DISMISS.

## FACTS[3]

Debtor filed a chapter 13 petition in January 2019. On August 7, 2019, she filed an adversary complaint against BONYM objecting to BONYM's proof of claim and requesting a determination of the validity of BONYM's lien on her real property.

Debtor made several attempts to effect service on BONYM, none of which complied with Rule 7004. She twice attempted personal service on the law firm that had filed a notice of appearance in the adversary

---

value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] The real party in interest is "The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders CWALT, Inc., Alternative Loan Trust 2006-20CB Mortgage Pass-Through Certificates, Series 2006-20CB."

[3] Debtor did not provide complete excerpts of the record. Accordingly, we have exercised our discretion to take judicial notice of the dockets and imaged papers filed in Debtor's bankruptcy case and the related adversary proceeding. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003). Debtor improperly included in her excerpts documents that were not before the bankruptcy court; we have not relied on any of those documents in disposing of this appeal.

proceeding, but that notice did not state that the firm was authorized to receive service of process on BONYM's behalf. After the bankruptcy court informed Debtor that such service was not effective, Debtor hired a process server, who attempted personal service on BONYM at its New York City headquarters. The certificate of service stated that the summons and complaint were served on an unnamed mail clerk. In the meantime, after four months had passed without effective service, BONYM moved to dismiss the adversary proceeding under Civil Rule 4(m). After a status hearing at which the bankruptcy court explained to Debtor why her previous attempts at service were ineffective, the court gave Debtor one last chance to effect service. But Debtor did not do so.

Debtor again used the same process server to serve BONYM. This time, the certificate of service showed that the summons and complaint were served on "Albert Cruz, Mail Clerk Manager" at BONYM's corporate headquarters without including any basis for the process server's declaration that the person served was authorized by BONYM to accept service on its behalf. The bankruptcy court thus dismissed the adversary proceeding without prejudice. Debtor timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(K). But as will be discussed, we lack jurisdiction over this appeal.

Although no party raised the issue of finality, we have an independent duty to consider our own jurisdiction. *Dicker v. Dye (In re*

3

*Edelman)*, 237 B.R. 146, 150 (9th Cir. BAP 1999). "We have appellate jurisdiction over 'final judgments, orders, and decrees' of bankruptcy judges pursuant to 28 U.S.C. § 158(a)(1). In contrast, we [generally] lack appellate jurisdiction over interlocutory orders and decrees of bankruptcy judges . . . unless we first grant leave to appeal under § 158(a)(3)." *Belli v. Temkin (In re Belli)*, 268 B.R. 851, 854 (9th Cir. BAP 2001).

Ordinarily, an order dismissing a complaint without prejudice is interlocutory. *Barnes v. Belice (In re Belice)*, 461 B.R. 564, 571-72 (9th Cir. BAP 2011). There are circumstances where such an order may be treated as final. For example, the order may be treated as final when the statute of limitations on the underlying claim has run, thus precluding the plaintiff from refiling. *Domingo v. Portugues-Santana (In re Domingo)*, No. NV–17–1135–BHTa, 2017 WL 6601773, at *6 (9th Cir. BAP Dec. 26, 2017). The order may also be treated as final if the bankruptcy court has "clearly manifested its intent that the dismissal order be its final act in the matter." *In re Belice*, 461 B.R. at 571 n.6 (citations omitted). *See also Sterling-Pac. Lending, Inc. v. Moser (In re Moser)*, 613 B.R. 721, 726 (9th Cir. BAP 2020) (treating order dismissing adversary proceeding without prejudice as final where dismissal conclusively denied plaintiff's requested relief and ended the bankruptcy court litigation, and the court stated that dismissal was without prejudice to the plaintiff pursuing his claims in state court).

Here, there is nothing in the record to indicate that the bankruptcy court intended the dismissal to preclude Debtor from re-filing the

4

adversary proceeding. At oral argument, BONYM's counsel stated that the statute of limitations had not run on Debtor's claims. Accordingly, there is no basis for treating the order as final.

We also have discretion to treat a notice of appeal as a motion for leave to file an interlocutory appeal. *In re Belice*, 461 B.R. at 572. Leave to appeal is appropriate when the order involves a controlling question of law where there is substantial ground for difference of opinion, and an immediate appeal may materially advance the ultimate termination of the litigation. *Id.*; *In re Belli*, 268 B.R. at 858. These factors are not satisfied here. The adversary proceeding was dismissed on purely procedural grounds, and there is no legal question involving a substantial ground for difference of opinion. And an immediate appeal would not advance the termination of the litigation, as the merits of Debtor's claims still need to be adjudicated. Therefore, we will not grant leave to appeal.

## CONCLUSION

Because the order on appeal is interlocutory, and we will not grant leave to appeal, we lack jurisdiction. Accordingly, this appeal is DISMISSED.