

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>GENE ALFRED PALMER, II,<br>　　　　　　Debtor. | BAP No. WW-24-1055-CBG<br><br>Bk. No. 2:08-bk-10112-CMA |
| GENE ALFRED PALMER, II,<br>　　　　　　Appellant. | **MEMORANDUM**<sup>*</sup> |

Appeal from the United States Bankruptcy Court
for the Western District of Washington
Christopher M. Alston, Chief Bankruptcy Judge, Presiding

Before: CORBIT, BRAND, and GAN Bankruptcy Judges.

## INTRODUCTION

Appellant, Gene Alfred Palmer, II ("Palmer"), former chapter 13[1]
debtor, recently reopened his bankruptcy case which had been closed for
over 11 years. After reopening his bankruptcy case, Palmer brought a
motion to recuse the bankruptcy judge. The bankruptcy court denied
Palmer's recusal motion. Palmer then filed a motion to reconsider the

---

　　　* This disposition is not appropriate for publication. Although it may be cited for
whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential
value, *see* 9th Cir. BAP Rule 8024-1.

　　　[1] Unless specified otherwise, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Civil Rule" references are to the Federal
Rules of Civil Procedure, all "Rule" references are to the Federal Rules of Bankruptcy
Procedure, and all "RCW" references are to the Washington State Revised Code.

1

recusal denial order, which the bankruptcy court also denied. Palmer appeals both the recusal denial order and the order denying reconsideration. Because the recusal order is interlocutory and Palmer fails to demonstrate that leave to appeal should be granted, we DISMISS this appeal for lack of jurisdiction.

## FACTS[2]

On March 3, 2007, criminal proceedings were commenced against Palmer in Washington State Snohomish County Superior Court ("State Court"). *State v. Palmer*, 186 Wash. App. 1017, *1 (2015). Palmer was charged with first degree theft pursuant to RCW 9A.56.030. *Id.*

Thereafter, Palmer filed the underlying bankruptcy petition on January 10, 2008. The case languished for years without a confirmed plan or any plan payments. Palmer finally presented a confirmable plan in May 2010.

Meanwhile, on October 27, 2011, the State and Palmer reached an agreement in the criminal matter. In exchange for reducing the charges from first-degree theft to false reporting, Palmer agreed to plead guilty in State Court pursuant to an *Alford* plea[3] to knowingly providing false

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in Palmer's bankruptcy case and the related adversary proceeding. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[3] Under *North Carolina v. Alford*, 400 U.S. 25 (1970), a defendant may assert his or her innocence and not admit the act charged, but at the same time admit that there is sufficient evidence such that the prosecutor would likely convince a judge or jury that the defendant is guilty and therefore plead guilty to the act charged.

information to the Washington State Department of Labor & Industries ("Washington L&I") resulting in Palmer receiving $13,035.88 in time loss compensation to which he was not entitled pursuant to RCW 51.48.020(2). The State Court ordered Palmer to pay restitution in the amount of $10,929.93 ("Restitution").

Back in bankruptcy court, Palmer did not notify the bankruptcy court of the Restitution judgment, nor did he modify his plan to pay the Restitution. Palmer eventually completed his plan payments and received a discharge on November 28, 2012. Palmer's bankruptcy case was closed on December 10, 2012.

As to the Restitution, Palmer refused to pay it, claiming the Restitution was discharged in his bankruptcy. The State Court disagreed and held a variety of review hearings at which the Restitution judgment was affirmed, and new payment schedules were entered.

On June 9, 2015, shortly after a State Court review hearing, Palmer filed an adversary complaint against the Washington L&I seeking a determination that the Restitution judgment entered by the State Court was discharged. Palmer alleged that the Washington L&I had violated (1) the automatic stay; (2) his confirmed chapter 13 plan; and (3) the discharge injunction by pursuing payment of the Restitution. Palmer sought actual damages, punitive damages, statutory damages, costs, and reasonable attorneys' fees. In the complaint Palmer also alleged that he was a victim of identification theft, and that the person who stole his identity was the one

who filed false claims with the Washington L&I. Palmer further alleged that he pled guilty to the charges just so he would be left alone, not because he was guilty.

Washington L&I answered the complaint and quickly thereafter filed a motion for summary judgment. Washington L&I argued that there was no basis for Palmer's claim that the Restitution was discharged because Palmer had not disclosed the criminal matter in his bankruptcy, had not provided for the payment of the Restitution in his Plan, and had not sought a determination by the bankruptcy court as to the dischargeability of the Restitution. Washington L&I further argued that the Bankruptcy Code provided that criminal fines are not dischargeable pursuant to § 1328(a)(3). Because the Restitution was not discharged, Washington L&I argued that it had not violated (1) the automatic stay; (2) Palmer's plan; or (3) the discharge injunction.

The bankruptcy court agreed and granted Washington L&I's motion for summary judgment on May 17, 2016. The bankruptcy court entered a final judgment on May 19, 2016. Palmer did not appeal the summary judgment order or judgment. On June 9, 2016, Palmer's adversary case was closed.

Over six years later, on March 12, 2024, Palmer filed a motion to reopen his main bankruptcy case because he alleged there were "judgments to enforce" in his chapter 13 case. Palmer's bankruptcy case was reopened on April 9, 2024, after Palmer paid the filing fee.

4

Within days of his motion to reopen, Palmer also filed a motion seeking the recusal of bankruptcy court judge Christopher M. Alston ("Recusal Motion"). Palmer's Recusal Motion was just two paragraphs. Palmer alleged that Judge Alston should recuse himself because of a conflict of interest with Palmer "due to [Palmer's] suit against him [Judge Alston] being prepared by [Palmer's] ACLU lawyers . . . Judge Christopher M. Alston is a Defendant in *Hernandez v. Equifax*, a class action suit, of which [Palmer] is a Plaintiff class member and a conflicts [sic] exists."

The bankruptcy court denied Palmer's Recusal Motion ("Recusal Denial Order"). The Recusal Denial Order stated that Palmer had presented no facts supporting the request for recusal, and the allegations in the Recusal Motion were not supported by any evidence.

Palmer filed a timely motion for reconsideration of the Recusal Denial Order. In his reconsideration motion Palmer again alleged that Judge Alston was a defendant in a case in which Palmer was a plaintiff class member – "Hernandez v. Equifax, US District Court of Northern California, Case No. 03-3996." Palmer further alleged that Judge Alston was also a defendant in "Palmer v. Milnor et al, No. 22-35214." According to Palmer, he did not believe he could have a fair hearing with Judge Alston presiding and asked that Judge Alston reconsider and recuse himself and transfer the case to another bankruptcy judge.

The bankruptcy court denied Palmer's motion to reconsider by order dated April 9, 2024 ("Reconsideration Denial Order"). The Reconsideration Denial Order stated that Palmer had shown no new facts or law that could not have previously been brought before the court nor had Palmer identified any manifest error made by the court. The Reconsideration Denial Order reiterated that Palmer had presented no facts supporting the request for recusal, and that the allegations were not supported by any evidence.

Palmer appeals both the Recusal Denial Order and the Reconsideration Denial Order.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. § 157. We address below our jurisdiction over the appeal under 28 U.S.C. § 158.

## ISSUE

Whether the Panel has jurisdiction over the appeal.

## STANDARD OF REVIEW

We review our own jurisdiction de novo. *Silver Sage Partners, Ltd. v. City of Desert Hot Springs (In re City of Desert Hot Springs)*, 339 F.3d 782, 787 (9th Cir. 2003). Under de novo review, "we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

## DISCUSSION

### A. This is an interlocutory Appeal.

The Panel has an independent duty to consider its own jurisdiction. *Pizza of Haw., Inc. v. Shakey's, Inc. (In re Pizza of Haw., Inc.)*, 761 F.2d 1374, 1377 (9th Cir. 1985). Accordingly, before reaching the merits of Palmer's appeal, we must determine whether it is properly before us. *Eden Place, LLC v. Perl (In re Perl)*, 811 F.3d 1120, 1125 (9th Cir. 2016). The Panel has jurisdiction to hear appeals of final orders. 28 U.S.C. § 158(b). In contrast, the Panel generally lacks "appellate jurisdiction over interlocutory orders and decrees of bankruptcy judges . . . unless we first grant leave to appeal under § 158(a)(3)." *Belli v. Temkin (In re Belli)*, 268 B.R. 851, 854 (9th Cir. BAP 2001).

An order denying a motion to recuse is interlocutory. *Stewart Enters., Inc. v. Horton (In re Horton)*, 621 F.2d 968, 970 (9th Cir. 1980) ("The decision of a bankruptcy judge not to disqualify himself, however, cannot be appealed until a direct appeal is taken from a final decision adverse to the moving party."); *see also Herndon v. Experian Info. Sols., Inc.*, No. 23-35392, 2023 WL 5706335, at *1 (9th Cir. July 26, 2023). "An order denying recusal is neither final nor does it involve proceedings in bankruptcy." *In re Horton*, 621 F.2d at 970. Because the Recusal Denial Order is interlocutory, Palmer may not appeal without leave of the Panel. *See* 28 U.S.C. § 158(a)(3).

7

**B. Palmer has not established leave to appeal is warranted.**

Palmer did not move for leave to appeal the interlocutory order. Regardless, the Panel may treat Palmer's timely notice of appeal of the interlocutory order as a motion for leave to appeal and, in doing so, must decide whether to grant or deny the motion. Rule 8003(c); *Off. Comm. of Unsecured Creditors v. Credit Lyonnais Bank Nederland, N.V. (In re NSB Film Corp.)*, 167 B.R. 176, 180 (9th Cir. BAP 1994).

The Panel grants leave to appeal interlocutory orders "sparingly, under exceptional circumstances." *Sw. Rsch, Inc. v. S. Cal. Rsch., LLC (In re S. Cal. Rsch., LLC)*, BAP No. CC-22-1055-TSG, 2022 WL 12724560, at *3 (9th Cir. BAP Oct. 18, 2022). The appellant has the burden of persuading the appellate court that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (internal quotation marks and citation omitted).

Leave to appeal is appropriate when the proposed appeal involves (1) a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) interests of judicial economy would be served because an immediate appeal may materially advance ultimate termination of the litigation or avoid wasted litigation. *See Arizona v. Ideal Basic Indus. (In re Cement Antitr. Litig.)*, 673 F.2d 1020, 1026 (9th Cir. 1981).

In this case Palmer has not persuaded the Panel that leave to appeal is warranted. The controlling question of law, recusal of a judge, is

statutorily based and is a well-settled area of law. *See e.g.* 28 U.S.C. § 455; Rule 5004(a); *Liteky v. United States*, 510 U.S. 540 (1994). Additionally, an immediate appeal would not serve judicial economy or materially advance the ultimate termination of the litigation because there are no pending motions or current litigation in Palmer's bankruptcy case.[4] Consequently, leave to appeal is not warranted.

## CONCLUSION

For the reasons stated above, the appeal is DISMISSED.

---

[4] Although Palmer alludes to judgments in his bankruptcy case that need to be enforced (ostensibly creating active litigation), Palmer has no pending motions before the bankruptcy court. Furthermore, the Panel is skeptical of Palmer's allegations given no judgment was entered in Palmer's main bankruptcy case and the judgment entered in the adversary was against Palmer, affirming the State's right to pursue payment of the Restitution.