TANG, Circuit Judge:
 

 Appellants seek reversal of three bankruptcy court orders affirmed by the district court. Specifically, this appeal centers on the bankruptcy court’s decree of forfeiture pursuant to a state court order. Also appealed are the granting of relief from the automatic stay provision of the bankruptcy code and the denial of appellants’ motion to assume the contract under the code.
 

 FACTS:
 

 Appellants purchased property from the appellees with payments due on the contract of sale of approximately $5,000 per month. After the appellants fell behind in payments, appellees brought a forfeiture action in state court. The state court found a sufficient basis for forfeiture but reinstated the contract subject to further conditions to establish “substantial default.”
 
 [1]
 
 After appellants filed a voluntary petition in bankruptcy under Chapter 11, appellees removed the forfeiture action to the bankruptcy court. Appellants again fell behind, this time of the state court’s payment schedule, and appellees, after obtaining relief from the automatic stay provision of 11 U.S.C. § 362, sought and obtained a decree of forfeiture in the bankruptcy court. The bankruptcy court at the same time denied appellants’ motion to assume the contract under 11 U.S.C. § 365. No stays of the bankruptcy court orders were sought pending their appeal.
 
 [2]
 
 While the appeals were pending, the appellants dismissed their Chapter 11 proceedings and then sought and obtained discharge in bankruptcy under Chapter 7. The district court then affirmed the forfeiture decree
 
 *1326
 
 on appeal and found the other appeals moot because the Chapter 11 proceedings were dismissed.
 

 DISCUSSION
 

 Appellants contend' on this appeal that the bankruptcy court erroneously entered the decree of forfeiture when it placed too much reliance on the state court’s standard for “substantial default” and failed to exercise its equitable discretion under the bankruptcy code. We do not reach the merits of this contention because we hold that the appeal must be dismissed as moot.
 

 When an appellate court is unable to grant effective relief, the appeal is dismissible as moot.
 
 Mills v. Green,
 
 159 U.S. 651, 16 S.Ct. 132, 40 L.Ed. 293 (1895);
 
 United States v. State of Oregon,
 
 718 F.2d 299, 302 (9th Cir.1983);
 
 In re Combined Metals Reduction Co.,
 
 557 F.2d 179, 187-89 (9th Cir.1977). The appellants in this Chapter 11 appeal have since dismissed the proceeding below and have further closed the bankruptcy estate under a subsequent and separate Chapter 7 proceeding; this court is unable now to grant effective relief in this appeal. Appellants would now request this court not only to overturn the bankruptcy court’s decree of forfeiture issued during the initial Chapter 11 proceedings but also to vacate and set aside the subsequent Chapter 7 discharge in order to include the property as an asset of the former Chapter 11 bankruptcy estate. By securing discharge under the subsequent Chapter 7 proceeding and closing the estate, however, the appellants have foreclosed the possibility of effective relief since the propriety of the discharge under Chapter 7 has not been appealed and is not before us.
 
 In re Cantwell,
 
 639 F.2d 1050 (3d Cir.1981).
 

 In addition, the appellants’ failure to seek a stay of the bankruptcy court’s orders supports our conclusion that this appeal is moot. "In the field of the administration of estates under the bankruptcy laws, the policy of the law strongly supports a requirement that a stay be obtained if review on appeal is not to be foreclosed because of mootness.”
 
 In re Roberts Farms, Inc.,
 
 652 F.2d 793, 796 (9th Cir.1981). During the pendency of their appeal, the appellants failed to seek a stay of the bankruptcy court’s forfeiture decree. This court is not inclined to overturn that decree and all of its attendant consequences in light of appellants’ failure to seek and obtain a stay of the bankruptcy court’s decree.
 

 Because the appellants have failed to seek a stay of the bankruptcy court’s orders and because of the consequent mootness in this case, the appeal is dismissed.
 

 DISMISSED.
 

 [1]
 

 . According to the state court order, " ‘substantial default' shall be deemed to occur either: when any one installment on a note or contract is not made within the calendar month that it is due; or that (sic) any payment or payments required (i.e., contract, note, taxes) is, on more than three occasions during any one calendar year, not made on or before the due date for such payment or performance.”
 

 [2]
 

 . Appellants raised the question of a stay in a memorandum filed in the bankruptcy court. However, no motion for a stay was filed and the bankruptcy court did not rule on the suggestion for a stay. Appellants did not thereafter request a ruling from the bankruptcy court, nor did appellant request a stay of any of the bankruptcy court’s orders from the district court, this court, or the Circuit Justice. Appellants’ “minimal efforts” to obtain a stay were insufficient to preserve their claim in this court for equitable relief.
 
 See In re Roberts Farms, Inc.,
 
 652 F.2d 793, 798 (9th Cir.1981);
 
 Valley National Bank of Arizona v. Trustee for Westgate-California Corp.,
 
 609 F.2d 1274, 1283 (9th Cir.1979).