967 F.2d 584
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Annette BELL, Debtor.
Annette BELL, Appellant,
v.
CASA SIERRA APARTMENTS, Appellee.
 No. 91-55144.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 24, 1992.*
Decided July 6, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Annette Bell appeals pro se the Bankruptcy Appellate Panel's ("BAP") affirmance of the bankruptcy court's judgment dismissing the Chapter 11 bankruptcy case Bell filed to prevent her eviction from her month-to-month tenancy and lifting the automatic stay to allow creditor Casa Sierra Apartments to pursue state court remedies to regain possession of the apartment Bell occupied. The BAP found that dismissal of the Chapter 11 case was proper because Bell failed to comply with the trustee's guidelines and the local rules, and she was unable to effectuate a reorganization plan because she had no assets to reorganize.[1] The BAP also found that because Bell's Chapter 11 case was dismissed, her appeal from the order granting relief from the automatic stay was moot. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.
 
 
 3
 This court and the BAP review the bankruptcy court's findings of fact under the clearly erroneous standard, and its conclusions of law de novo. Rubin v. West (In re Rubin), 875 F.2d 755, 758 (9th Cir.1989). We review the dismissal of a claim on mootness grounds de novo. Stop H-3 Assoc. v. Dole, 870 F.2d 1419, 1423 (9th Cir.1985). When the BAP is "unable to grant effective relief, the appeal is dismissable as moot." Cook v. Fletcher (In re Cook), 730 F.2d 1324, 1326 (9th Cir.1984).
 
 
 4
 The bankruptcy court may either dismiss a debtor's Chapter 11 case or convert the Chapter 11 case to one under Chapter 7 for cause including: (1) continuing loss to or diminution of the estate with no reasonable likelihood of reorganization; (2) the debtor's inability to effectuate a reorganization plan; (3) unreasonable delay by the debtor that is prejudicial to creditors; and, (4) the debtor's failure to propose a reorganization plan within any time fixed by the court. 11 U.S.C. § 1112(b).
 
 
 5
 Here, the bankruptcy court found that, under section 1112(b), cause to dismiss Bell's case existed because Bell had no property interest in her lease with creditor Casa Sierra Apartments, she had no other assets to reorganize, she failed to comply with the trustee's guidelines or the local rules, and she unreasonably delayed effectuating a reorganization plan to sustain her case. On the record before us, we cannot say that these findings were clearly erroneous. Accordingly the bankruptcy court did not err by dismissing Bell's Chapter 11 case under section 1112(b). Finally, because Bell's Chapter 11 case was properly dismissed, the BAP did not err by dismissing as moot Bell's appeal from the bankruptcy court's underlying order granting Casa Sierra relief from the automatic stay. See In re Cook, 730 F.2d at 1326.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that the bankruptcy court and the BAP found that only business enterprises could file a Chapter 11 case, this finding was erroneous. The Supreme Court recently held that an individual debtor not engaged in business is eligible to reorganize under Chapter 11. See Toibb v. Radloff, 111 S.Ct. 2197, 2199 (1991). The BAP's decision affirming the dismissal of Bell's Chapter 11 case is, however, supported on other grounds