*809 MEMORANDUM **
Shirley Venoya Remmert appeals pro se from an order of the Bankruptcy Appellate Panel (“BAP”) dismissing as untimely her appeal from the dismissal of her Chapter 13 case, and dismissing as moot her appeal from the dismissal of an adversary proceeding in the same case. We have jurisdiction pursuant to 28 U.S.C. § 158(d). We review de novo jurisdictional issues, Wiersma v. Bank of the West (In re Wiersma), 483 F.3d 933, 938 (9th Cir.2007), and we affirm.
The BAP properly dismissed as untimely Remmert’s appeal from the bankruptcy court’s dismissal of her Chapter 13 case because Remmert failed to file a notice of appeal within 10 days of the order. See id. (stating that the failure to file a notice of appeal within 10 days of entry of an order, as required by Fed. R. Bankr.P. 8002(a), is a jurisdictional defect barring appellate review).
The BAP properly dismissed as moot Remmert’s appeal from the bankruptcy court’s dismissal of her adversary proceeding in which Remmert sought relief that was no longer available to her following the dismissal of her underlying Chapter 13 case. See Cook v. Fletcher (In re Cook), 730 F.2d 1324, 1326 (9th Cir.1984) (“When an appellate court is unable to grant effective relief, the appeal is dismissible as moot.”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.