NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

In re:                              )   BAP No. NC-14-1568-JuTaD
                                    )
YVONNE LACONICO ZIVANIC,            )   Bk. No. 14-51918
                                    )
                    Debtor.         )
_____)
                                    )
YVONNE LACONICO ZIVANIC,            )
                                    )
                    Appellant,      )
                                    )   M E M O R A N D U M[*]
v.                                  )
                                    )
DEUTSCHE BANK NATIONAL TRUST        )
COMPANY, Trustee for WAMU           )
2005-AR6, its assignees and/or)
successors in interest;             )
FRED S. HJELMESET, Chapter 7        )
Trustee,[**]                        )
                                    )
                    Appellees.      )
_____)

Argued and Submitted on October 23, 2015
at San Francisco, California

Filed - October 30, 2015

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable M. Elaine Hammond, Bankruptcy Judge, Presiding

_____

Appearances:    Motaz M. Gerges on brief for appellant Yvonne
                Zivanic; Jonathan S. Lieberman of Locke Lord LLP
                argued for appellee Deutsche Bank National Trust

_____

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

[**] The chapter 7 trustee Fred S. Hjelmeset has not participated in this appeal.

-1-

Company, Trustee for WAMU 2005-AR6.

_____

Before:  JURY, TAYLOR, and DUNN, Bankruptcy Judges.


Appellee Deutsche Bank National Trust Company as Trustee for WAMU 2005-AR6 (Bank) filed a motion seeking relief from the automatic stay to proceed with an unlawful detainer action (UD Action) against chapter 13[1] debtor Yvonne Laconico Zivanic. The bankruptcy court granted the motion by order entered on December 1, 2014 (Stay Relief Order).  Debtor filed a premature, although timely, notice of appeal from the Stay Relief Order.

Bank then filed a motion to dismiss (MTD) the adversary proceeding commenced by debtor, which the bankruptcy court granted by order entered January 14, 2015 (Dismissal Order). Although debtor contends otherwise, she did not file a timely notice of appeal from the Dismissal Order.  As a result, the scope of this appeal is limited to the Stay Relief Order.

Debtor was granted her discharge in her bankruptcy case and, therefore, the automatic stay has terminated by operation of law under § 362(c)(2)(C).  Accordingly, we DISMISS the appeal from the Stay Relief Order as MOOT.

## I.  FACTS

Debtor owned real property located on Springer Avenue in Saratoga, California.  On August 6, 2009, the property was sold pursuant to a nonjudicial foreclosure sale held in the County of

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and "Rule" references are to the Federal Rules of Bankruptcy Procedure.

Santa Clara. On August 12, 2009, the Trustee's Deed Upon Sale was recorded.

To avoid eviction, debtor filed a voluntary chapter 13 petition on November 10, 2009 (Bankr. Case No. 08-bk-59810). Debtor did not file the required information, and her case was dismissed on December 1, 2009. One day prior to the closure of the first bankruptcy case, on December 17, 2009, debtor filed a second chapter 13 petition (Bankr. Case No. 09-bk-61052). This case was dismissed on February 16, 2010. Debtor filed her third chapter 13 petition on September 7, 2011 (Bankr. Case No. 11-bk-58408). This case was dismissed on December 8, 2011 as a result of debtor's failure to file information.

On March 1, 2011, Bank caused a Notice to Quit to be served on debtor and her husband. Shortly thereafter, Bank filed the UD Action against debtor and her husband in the Superior Court of California, County of Santa Clara, Case No. 11-CV-196650. In early May 2011, debtor and her husband filed an answer to the UD Action.

On April 30, 2014, debtor filed the instant case under chapter 7. On October 16, 2014, debtor commenced an adversary proceeding in the bankruptcy court against Bank and others (Adv. No. 14-05111).

On October 22, 2014, Bank filed its Motion for Relief in connection with the property, seeking relief from the automatic stay to proceed with the UD Action and obtain possession of the property following the nonjudicial foreclosure sale. The motion was accompanied by a notice that a hearing would be held on November 14, 2014. In a late-filed opposition, debtor opposed

-3-

the relief on the ground that Bank did not have standing.

On November 12, 2014, debtor received her § 727 discharge.

At the November 14, 2014 hearing, the bankruptcy court granted Bank's motion for relief from the automatic stay so that it could proceed with the UD Action. Although there was some discussion about the pending adversary proceeding at that hearing, the bankruptcy court made clear that the only issue before it was a relief from stay motion to proceed with an unlawful detainer action post-foreclosure and that the court was not addressing its jurisdiction over the adversary proceeding at that hearing.

On November 21, 2014, debtor filed a premature notice of appeal. Debtor's statement of issues on appeal identified the following:

1.   Did the bankruptcy court err as a matter of law and a matter of fact in granting the Creditor['s] Motion for Relief from Automatic Stay while an adversary complaint remained unresolved that effected [sic] the same creditor?

2.   Did the bankruptcy court abuse its authority denying debtor['s] oral motion to extend [the] automatic stay?

The bankruptcy court entered the Stay Relief Order on December 1, 2014.

On November 21, 2014, Bank filed the MTD the adversary proceeding with a hearing scheduled for January 12, 2015. Debtor failed to file an opposition to the MTD. On January 14, 2015, the bankruptcy court entered an order dismissing the adversary proceeding for lack of subject matter jurisdiction. Debtor did not file a notice of appeal from the Dismissal Order.

On April 8, 2015, the Panel issued a single judge Order re

-4-

Jurisdictional Issue requiring a response from debtor as to why this appeal should not be dismissed for lack of jurisdiction since debtor did not file a timely notice of appeal from the Dismissal Order. In response, debtor asserted that the bankruptcy court sua sponte dismissed her adversary proceeding at the November 14, 2014 hearing on Bank's motion for relief from the automatic stay. Debtor argued that her notice of appeal, although premature, included the Dismissal Order entered on January 14, 2015, and no new notice of appeal was required. For these reasons, debtor concluded that the Panel had jurisdiction to hear the merits of her appeal in connection with the dismissal of the adversary proceeding. At that time, the transcript of the November 14, 2014 hearing was neither included in the appellate record nor available to the Panel.

On May 18, 2015, the Panel issued an order deeming its April 8, 2015 Order re Jurisdictional Issue satisfied due to debtor's representations and argument. The Panel further ordered debtor to file a copy of the November 14, 2014 hearing transcript by June 1, 2015. The transcript was included in Bank's supplemental excerpts of record.

On August 31, 2015, the Panel issued a Clerk's Notice Re Mootness. In response, Bank maintained that the appeal was not moot at that time since it had not yet completed the unlawful detainer action against debtor. The Panel then took the issue of mootness under advisement.

## II. JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(G). Our jurisdiction is based upon

28 U.S.C. § 158, and we discuss two aspects of that jurisdiction in more detail below.

### III. ISSUES

What is the scope of this appeal?

Is the bankruptcy court's order terminating the automatic stay moot?

### IV. STANDARD OF REVIEW

We review our own jurisdiction, including questions of mootness, de novo. Silver Sage Partners, Ltd. v. City of Desert Hot Springs (In re City of Desert Hot Springs), 339 F.3d 782, 787 (9th Cir. 2003).

### V. DISCUSSION

**A.  Scope of Appeal**

On appeal, Bank argues that debtor's notice of appeal does not include an appeal from the Dismissal Order. We agree that the only ruling properly before this Panel is the bankruptcy court's Stay Relief Order.

Contrary to debtor's prior assertions in response to the Panel's Order re Jurisdictional Issue, the bankruptcy court did not dismiss her adversary proceeding at the November 14, 2014 hearing on Bank's motion for relief from the automatic stay. Rather, the transcript of that hearing shows that after the bankruptcy court heard debtor's arguments against stay relief — all of which related to the merits of the adversary proceeding — the court merely gave debtor a courtesy "heads up" as to what might happen in the future with respect to the adversary proceeding. The bankruptcy court expressed its concern that it might not have jurisdiction over debtor's adversary proceeding

-6-

and the claims she raised due to her discharge, but noted that "the State Court certainly would [have jurisdiction]." After this discussion, the court stated: "That's not actually the issue I'm addressing here today, but I wanted to let you know about it in advance, so you don't get it cold at the adversary proceeding hearing." Later, the bankruptcy court said: "[T]he only thing to do here today is I am going to grant the relief requested."

Bank then filed its MTD in the adversary proceeding. The bankruptcy court granted the motion by order entered on January 14, 2015. That order became final because debtor did not file a notice of appeal. United Student Aid Funds, Inc. v. Espinosa, 130 S.Ct. 1367, 1380 (2010) (holding that bankruptcy court's erroneous order nonetheless was binding and enforceable against appellant because appellant had notice of the proceedings but did not appeal that order). Therefore, we lack jurisdiction to address debtor's contentions regarding the dismissal of her adversary proceeding because she failed to file a timely notice of appeal from the Dismissal Order.

**B.    The appeal of the Stay Relief Order is moot.**

We cannot exercise jurisdiction over a moot appeal. United States v. Pattullo (In re Pattullo), 271 F.3d 898, 900 (9th Cir. 2001). A moot case is one where the issues presented are no longer live and no case or controversy exists. Pilate v. Burrell (In re Burrell), 415 F.3d 994, 998 (9th Cir. 2005). The test for mootness is whether an appellate court can still grant effective relief to the prevailing party if it decides the merits in his or her favor. Id.

As noted, debtor received her discharge under § 727(a) prior to the bankruptcy court's ruling on Bank's motion for relief from the automatic stay. Under § 362(c)(2)(C), the provisions of the § 362(a) automatic stay that would shield debtor from any legal actions by Bank to recover the property from her continued in effect only "until the earliest of ... the time a discharge is granted or denied." Since the entry of the discharge order in the bankruptcy case there has been no automatic stay in effect. Consequently, even were we to overturn the Stay Relief Order which allowed Bank to proceed in the UD Action, the stay has now terminated as to debtor/appellant as a matter of law. Bigelow v. Comm'r, 65 F.3d 127, 129 (9th Cir. 1995) ("a stay immediately dissolves upon issuance of a discharge by the bankruptcy court. § 362(2)(C)"). In sum, we lack the ability to grant debtor any effective relief with respect to the Stay Relief Order which is the only order before us on appeal. Accordingly, since we are unable to grant effective relief, the appeal is dismissed. Cook v. Fletcher (In re Cook), 730 F.2d 1324, 1326 (9th Cir. 1984) (dismissing appeal of stay relief order as moot where the chapter 7 discharge was issued after the appeal was filed).

## VI.  CONCLUSION

For the reasons stated above, we DISMISS this appeal as moot.