FILED

JAN 28 2026

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>ALEXANDER VON NEITSCH and<br>ELENA VON NEITSCH,<br>　　　　　　　Debtors. | BAP No. CC-25-1109-CNS<br><br>Bk. No. 2:25-bk-11999-DS |
| ALEXANDER VON NEITSCH; ELENA<br>VON NEITSCH,<br>　　　　　　Appellants,<br>v.<br>DANIEL E. NAYSAN, D.D.S.; M.<br>NAYSAN, D.D.S., INC. dba Bedford<br>Dental Group,<br>　　　　　　Appellees. | **MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Central District of California
Deborah J. Saltzman, Bankruptcy Judge, Presiding

Before: CORBIT, NIEMANN, and SPRAKER, Bankruptcy Judges.

Memorandum by Judge Corbit
Concurrence by Judge Spraker

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

# INTRODUCTION

Elena Von Neitsch ("Ms. Von Neitsch"), one of the chapter 7[1] debtors, filed a prepetition lawsuit in state court against Daniel E. Naysan, D.D.S. and M. Naysan D.D.S., Inc. dba Bedford Dental Group (the "Dental Group"), the appellees in this appeal. After Ms. Von Neitsch filed for bankruptcy but before the entry of an order granting relief from the automatic stay, the Dental Group filed a motion in the state court to dismiss Ms. Von Neitsch's state court lawsuit. That motion remains pending. The debtors appeal the bankruptcy court's order granting the Dental Group's motion for retroactive annulment of the automatic stay to prosecute their defenses in the state court.

Much of what the debtors want to accomplish by this appeal is moot because: (1) no order was entered in the state court while the stay was in effect; and (2) while this appeal was pending, the debtors received their discharge, which terminated the automatic stay by operation of § 362(c)(2)(C). Consequently, even if this Panel reversed the bankruptcy court's relief from stay order, there are no orders that would be voided because none existed, and there is no longer a need for prospective relief from the automatic stay. However, because retroactive relief from stay

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

sanctioned the filing of the Dental Group's motion to dismiss in the state court, we review that aspect of the matter on the merits.

After reviewing the matter on the merits, we determine that the bankruptcy court did not abuse its discretion in granting the Dental Group retroactive relief from the automatic stay. We therefore AFFIRM.

## FACTS[2]

In 2022, Ms. Von Neitsch filed a civil suit in a Los Angeles, California superior court against the Dental Group ("state court action"). Ms. Von Neitsch alleged she sustained injuries following a dental procedure by the Dental Group. Ms. Von Neitsch sought over $3.3 million in damages. Trial was set for May 27, 2025.

Because Ms. Von Neitsch was not a resident of California at the time she filed the state court action, the Dental Group requested, pursuant to Cal. Code Civ. Proc. § 1030, that the state court require Ms. Von Neitsch file an "undertaking" to secure a possible award of costs and attorney's fees.[3]

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in the adversary proceeding, main bankruptcy case, and related proceedings. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (citation omitted).

[3] Cal. Code Civ. Proc. § 1030 states, in relevant part:

(a) When the plaintiff in an action or special proceeding resides out of the state, or is a foreign corporation, the defendant may at any time apply to the court by noticed motion for an order requiring the plaintiff to file an undertaking to secure an award of costs and attorney's fees which may be awarded in the action or special proceeding. For the purposes of this section, "attorney's fees" means reasonable attorney's fees a party

On February 13, 2025, after notice and a hearing, the state court granted the Dental Group's request and ordered Ms. Von Neitsch to file an undertaking in the amount of $50,717.36 within 30 days (before March 15, 2025) to maintain the state court action. However, Ms. Von Neitsch did not file the undertaking. Instead, on March 12, 2025, Ms. Von Neitsch and her husband Alexander Von Neitsch jointly filed a chapter 7 bankruptcy case.

On April 2, 2025, the Dental Group moved to dismiss the state court action based on Ms. Von Neitsch's failure to file the undertaking. That motion has not been decided.[4]

On May 14, 2025, the Dental Group filed a motion for retroactive relief from the automatic stay to continue litigation/dismissal of the state court action. The Dental Group explained that they believed the automatic

---

may be authorized to recover by a statute apart from this section or by contract.

(b) The motion shall be made on the grounds that the plaintiff resides out of the state or is a foreign corporation and that there is a reasonable possibility that the moving defendant will obtain judgment in the action or special proceeding. The motion shall be accompanied by an affidavit in support of the grounds for the motion and by a memorandum of points and authorities. The affidavit shall set forth the nature and amount of the costs and attorney's fees the defendant has incurred and expects to incur by the conclusion of the action or special proceeding.

(c) If the court, after hearing, determines that the grounds for the motion have been established, the court shall order that the plaintiff file the undertaking in an amount specified in the court's order as security for costs and attorney's fees.

(d) The plaintiff shall file the undertaking not later than 30 days after service of the court's order requiring it or within a greater time allowed by the court. If the plaintiff fails to file the undertaking within the time allowed, the plaintiff's action or special proceeding shall be dismissed as to the defendant in whose favor the order requiring the undertaking was made.

[4] During oral argument Ms. Von Neitsch admitted that the state court action has not been dismissed, and the dismissal motion remains pending.

stay was not applicable, but they were simply being cautious and wanted assurance that their actions in state court did not violate the automatic stay.

The Dental Group argued that the automatic stay was not applicable because "§ 362(a)(1) stays the commencement or continuation of a judicial proceeding **against** the debtor," so the stay does not necessarily stay judicial proceedings filed by the debtor. The Dental Group further argued that Ms. Von Neitsch's obligation to file the undertaking would not be discharged because the undertaking was not a debt to the Dental Group and the Dental Group was not seeking payment on a claim. The Dental Group explained that the undertaking was ordered by the state court as a prerequisite for Ms. Von Neitsch's continued prosecution of her state court action. The undertaking was to be filed and held by the state court pending resolution of the state court action. The Dental Group explained that Ms. Von Neitsch "owe[d] [them] nothing." Thus, according to the Dental Group, their motion to dismiss the state court action based on Ms. Von Neitsch's failure to file the undertaking was not subject to the automatic stay.

In the alternative, if the bankruptcy court found that the automatic stay applied to their dispositive motion in the state court action, the Dental Group sought retroactive annulment of the automatic stay to allow them to continue prosecuting their pending motion to dismiss.

Ms. Von Neitsch opposed the Dental Group's motion. It appears that Ms. Von Neitsch believed that that the Dental Group was a creditor, and

the undertaking would be discharged because it was a prepetition debt. Ms. Von Neitsch argued that the motion to dismiss the state court action based on her failure to file the undertaking constituted a creditor seeking payment on a claim in violation of the automatic stay.

On June 12, 2025, the bankruptcy court held a hearing on the Dental Group's motion. At the hearing the Dental Group again argued the automatic stay did not apply because the undertaking was not a collection action as there was no effort by the Dental Group to collect a debt or impair estate property. The Dental Group also explained that if Ms. Von Neitsch filed the undertaking, the Dental Group's interest in the undertaking would only arise if Ms. Von Neitsch was unsuccessful in the state court action and "unless and until" fees were awarded against Ms. Von Neitsch. The Dental Group assured the bankruptcy court that even if successful in the state court action, they did not intend to seek fees for pre-bankruptcy time billed. Ms. Von Neitsch continued to object based on her belief that the Dental Group's dismissal motion in the state court action qualified as a creditor seeking to collect on a debt in violation of the automatic stay.

After hearing from the parties, the bankruptcy court rendered an oral ruling granting the Dental Group's motion. The bankruptcy court made several findings of fact, including: (1) there was a pending state court action; (2) the Dental Group would suffer hardship if they could not pursue dismissal of the state court action; (3) the Dental Group had demonstrated a likelihood to prevail on the merits regarding the bond requirements;

(4) granting relief would provide a resolution of the issues in the non-bankruptcy action; (5) "allowing the non-bankruptcy matter to continue" would not interfere with the bankruptcy case; (6) the interest of other creditors would not be prejudiced by granting the motion; and (7) the Dental Group had not engaged in wrong doing or bad faith.

The bankruptcy court determined that, based on its findings and the relevant case law, the Dental Group was entitled to the relief requested. The bankruptcy court did not address the Dental Group's primary argument—that the automatic stay did not apply to either the Dental Group's defensive efforts in the litigation or to Ms. Von Neitsch's obligation to file the undertaking.

On June 12, 2015, the bankruptcy court issued a written order consistent with its oral ruling (the "Stay Relief Order").

Ms. Von Neitsch timely appealed the Stay Relief Order. The bankruptcy court subsequently denied both Ms. Von Neitsch's motion to stay the order pending appeal and her motion to vacate the Stay Relief Order.

On June 23, 2025, while this appeal was pending, the debtors received their discharge.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (G). We discuss our jurisdiction under 28 U.S.C. § 158 below.

**ISSUES**

Whether this appeal is moot.

Whether the bankruptcy court abused its discretion in annulling the automatic stay.

**STANDARDS OF REVIEW**

We review questions regarding our jurisdiction de novo. *See Belli v. Temkin (In re Belli)*, 268 B.R. 851, 853 (9th Cir. BAP 2001); *Menk v. Lapaglia (In re Menk)*, 241 B.R. 896, 903 (9th Cir. BAP 1999). "De novo review requires that we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

"A decision retroactively to lift the automatic stay is reviewed for an abuse of discretion." *Nat'l Env't Waste Corp. v. City of Riverside (In re Nat'l Env't Waste Corp.)*, 129 F.3d 1052, 1054 (9th Cir. 1997). To determine whether the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, we consider whether the bankruptcy court's application of the legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

## DISCUSSION

### A. Mootness

Before considering the merits of the debtors' appeal, the Panel must determine its own jurisdiction over this appeal. *Pilate v. Burrell (In re Burrell)*, 415 F.3d 994, 997-98 (9th Cir. 2005). The Panel lacks jurisdiction to hear moot appeals. *I.R.S. v. Pattullo (In re Pattullo)*, 271 F.3d 898, 900 (9th Cir. 2001).

The doctrine of mootness arises from Article III of the Constitution, which limits the jurisdiction of all federal courts to deciding actual cases and controversies. U.S. Const. art. III, § 2, cl. 1; *Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 677 F.3d 869, 880 (9th Cir. 2012). An appeal is constitutionally moot if it is impossible for the court to give the appellant any effective relief in the event that the court decides the matter on the merits in the appellant's favor. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013); *In re Thorpe Insulation Co.*, 677 F.3d at 880.

Importantly, mootness must be examined up until the appeal is decided because "[i]f events subsequent to the filing of an appeal moot the issues presented in a case, no justiciable controversy is presented" and the appeal must be dismissed. *Allard v. DeLorean*, 884 F.2d 464, 466 (9th Cir. 1989) (citations omitted). The discharge of the debtor is an event to be considered. Pursuant to § 362(c)(2)(C), the automatic stay terminates as to the debtors at "the time a discharge is granted or denied." *See also Ruvacalba v. Munoz (In re Munoz)*, 287 B.R. 546, 551 (9th Cir. BAP 2002)

9

("Insofar as the automatic stay bars actions against the debtor, the stay automatically expires upon the grant of a discharge.").

Here, the Debtors received a discharge while this appeal was pending. The discharge both caused the termination of the automatic stay and affected the "actual, ongoing controversy" in this appeal. *See Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086-87 (9th Cir. 2011) ("if events subsequent to the filing of the case resolve the parties' dispute, we must dismiss the case as moot") (citation omitted). Since the entry of the discharge order in the bankruptcy case, there has been no automatic stay in effect. Therefore, even if the Panel was inclined to vacate the Stay Relief Order, the automatic stay has terminated prospectively as a matter of law, and this Panel lacks the authority to resurrect the stay. *See Cook v. Fletcher (In re Cook)*, 730 F.2d 1324, 1326 (9th Cir. 1984).

However, there is a slim thread that keeps this appeal from being moot notwithstanding the entry of the debtors' discharge. Judicial proceedings in violation of the automatic stay are void. *See Gruntz v. Cnty. of L.A. (In re Gruntz)*, 202 F.3d 1074, 1082 (9th Cir. 2000). Here, since the Dental Group's dismissal motion was filed after the petition date but before the entry of the Stay Relief Order, it can be argued that the dismissal motion is void *if* the automatic stay applied.[5] The Dental Group would,

---

[5] Although not addressed by the bankruptcy court, it is questionable whether the Dental Group's motion to dismiss the state court action was subject to the automatic stay. "Although the scope of the automatic stay is broad, it does not stay all proceedings . . . . [T]he automatic stay . . . [is] inapplicable to lawsuits initiated by the

therefore, be required to refile their dismissal motion if the Panel reverses the retroactive aspect of the Stay Relief Order. Because such relief could be granted to the debtors, the Panel may consider whether the bankruptcy court's decision to enter the retroactive relief from stay order should be affirmed on the merits.[6]

**B.     The bankruptcy court did not abuse its discretion in granting the Dental Group's motion.**

An annulment of the automatic stay retroactively validates any actions taken in violation of the stay, which would otherwise be void. *See Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 573 (9th Cir. 1992) ("If a creditor obtains retroactive relief under section 362(d), there is no

---

debtor." *Lehman Com. Paper, Inc. v. Palmdale Hills Prop., LLC (In re Palmdale Hills Prop., LLC)*, 423 B.R. 655, 663 (9th Cir. BAP 2009), *aff'd*, 654 F.3d 868 (9th Cir. 2011). Thus, "a defendant in an action brought by a plaintiff/debtor may defend itself in that action without violating the automatic stay." *Id.* Even dispositive motions filed against the debtor/plaintiff do not violate the automatic stay because "[t]he automatic stay should not tie the hands of a defendant while the plaintiff debtor is given free rein to litigate." *Gordon v. Whitmore (In re Merrick)*, 175 B.R. 333, 336-38 (9th Cir. BAP 1994). Nevertheless, it is arguable that the enforcement of the undertaking which served to secure the Dental Group's contingent claim for fees and costs could constitute an "act to create . . . or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title." § 362(a)(5); *see also* § 362(a)(6) (staying any act to collect or recover a claim against the debtor that arose before the commencement of the case under this title.) However, as discussed in the following section, since this Panel concludes the retroactive relief from the stay was appropriately entered, it need not decide if the motion to dismiss fell into one or both of these stayed activities necessitating the motion for relief from stay.

[6] Since, as discussed below, we affirm the retroactive annulment of the stay on the merits, there is no need for the Dental Group to refile their motion to dismiss the state court action.

11

violation of the automatic stay[.]"); *see also Lone Star Sec. & Video, Inc. v. Gurrola (In re Gurrola)*, 328 B.R. 158, 172 (9th Cir. BAP 2005) ("annulling the stay . . . has the effect of retroactively validating acts that otherwise violated the stay.").

Pursuant to § 362(d)(1), a bankruptcy court may terminate, annul, or modify the automatic stay "for cause." In the annulment context, the Ninth Circuit has directed a bankruptcy court to "engage[] in a case by case analysis . . . [and] balance[] the equities in order to determine whether retroactive annulment is justified." *In re Nat'l Envtl. Waste Corp.*, 129 F.3d at 1055 (citations omitted).

In addition to the Ninth Circuit's direction to evaluate "whether the creditor was aware of the bankruptcy petition" and "whether the debtor engaged in unreasonable or inequitable conduct, or prejudice would result to the creditor", this Panel subsequently suggested a handful of additional factors to consider when deciding whether cause exists to annul the automatic stay. *Fjeldsted v. Lien (In re Fjeldsted)*, 293 B.R. 12, 23-25 (9th Cir. BAP 2003) (citing *In re Nat'l Envtl. Waste Corp.*, 129 F.3d at 1055). These factors include:

1. Number of filings;

2. Whether, in a repeat filing case, the circumstances indicate an intention to delay and hinder creditors;

3. A weighing of the extent of prejudice to creditors or third parties if the stay relief is not made retroactive, including whether harm exists to a bona fide purchaser;

12

4. The debtor's overall good faith (totality of circumstances test);

5. Whether creditors knew of stay but nonetheless took action, thus compounding the problem;

6. Whether the debtor has complied, and is otherwise complying, with the Bankruptcy Code and Rules;

7. The relative ease of restoring parties to the status quo ante;

8. The costs of annulment to debtors and creditors;

9. How quickly creditors moved for annulment, or how quickly debtors moved to set aside the sale or violative conduct;

10. Whether, after learning of the bankruptcy, creditors proceeded to take steps in continued violation of the stay, or whether they moved expeditiously to gain relief;

11. Whether annulment of the stay will cause irreparable injury to the debtor;

12. Whether stay relief will promote judicial economy or other efficiencies.

*Id.* The bankruptcy court need not consider all of these factors, so long as it undertakes an analysis to balance the equities. *See Merriman v. Fattorini (In re Merriman)*, 616 B.R. 381, 391 (9th Cir. BAP 2020) ("the bankruptcy court was not required to analyze each and every factor articulated in *Fjeldsted*").

On appeal, Ms. Von Neitsch argues that the bankruptcy court abused its discretion because it failed to make the required findings under *Fjeldsted*. We disagree. Although the bankruptcy court did not specifically reference *Fjeldsted*, it is clear from the bankruptcy court's extensive factual

findings that it considered the equities before granting retroactive annulment of the automatic stay. The bankruptcy court noted that the relief would merely let the parties continue the two-party litigation initiated by Ms. Von Neitsch. The bankruptcy court additionally found that granting the relief would not harm the debtors, would allow the Dental Group to defend themselves in the state court action, and would have no detrimental impact to the bankruptcy estate. "[B]alancing of potential harm to the creditor on the one hand and to the debtor and the bankruptcy estate on the other hand frequently is dispositive." *Lapierre v. Advanced Med. Spa Inc. (In re Advanced Med. Spa Inc.)*, BAP No. EC-16-1087-KuMaJu, 2016 WL 6958130, at *4 (9th Cir. BAP Nov. 28, 2016). Based on the record, the bankruptcy court did not abuse its discretion in granting retroactive annulment of the automatic stay.

## CONCLUSION

For the reasons stated above, we AFFIRM.[7]

---

[7] After this matter was submitted to the Panel for decision, Ms. Von Neitsch filed a document on November 22, 2025, captioned citation of supplemental authorities on appeal pursuant to Fed. R. App. P. 28(j). She filed another document on November 23, 2025, with a combined caption for judicial notice, "supplementation of record," and "post-argument supplemental brief." She also filed a document on December 9, 2025, and another on January 15, 2026, both captioned as supplemental authorities. Federal Rule of Appellate Procedure 28(j) is made applicable in bankruptcy through Rule 8014(f). "Rule 28(j) permits a party to bring new authorities to the attention of the court; it is not designed to bring new evidence through the back door." *Trans–Sterling, Inc. v. Bible*, 804 F.2d 525, 528 (9th Cir. 1986). Additionally, the rule restricts the body of the submission to 350 words. Ms. Von Neitsch's supplemental papers exceed the maximum word limit and attempt to reargue previously raised issues and present new evidence.

Concurrence begins on next page.

---

Accordingly, we strike Ms. Von Neitsch's filings at BAP ECF Nos. 21-24. However, even if considered, the documents and arguments therein would not change the outcome of this appeal.

SPRAKER, Bankruptcy Judge, concurring.

The Debtors' first point on appeal argued that the undertaking is a dischargeable contingent claim, or secures, the Dental Group's prepetition contingent right to fees and costs.[1] I write separately to acknowledge the question presented and to explain why we do not reach that question.

The bankruptcy court referenced this issue in its oral ruling as it was a central part of the Dental Group's argument for relief from stay. In its oral ruling the court stated:

> And then, of course, there is the question regarding the bond requirements and the costs related to pursuing the action if it does remain in place. I also believe that the movant has demonstrated a likelihood that it - - will prevail on the merits regarding the bond requirement.

However, the bankruptcy court merely terminated, and annulled, the automatic stay to permit the parties to proceed to litigate the case, including the Dental Group's motion to dismiss. The bankruptcy court never adjudicated whether the claims for fees and costs against Ms. Von Neitsch, which were to be secured by the undertaking, were subject to discharge. Indeed, this question was outside the narrow scope of the motion for relief from stay. *See Veal v. Am. Home Mortg. Servicing, Inc. (In re*

---

[1] The Dental Group did not file a brief on appeal, so the Debtor's brief was the only briefing submitted.

*Veal)*, 450 B.R. 897, 914 (9th Cir. BAP 2011) (observing that stay relief proceedings are very limited in scope and do not finally adjudicate the parties' rights and liabilities); *see also* Rule 7001(f)(requiring an adversary proceeding for determining whether a debt is dischargeable); Rule 7001(i)(requiring an adversary proceeding to obtain declaratory judgment). Therefore, that question is also beyond the scope of this appeal.

The bankruptcy court's order authorized any postpetition act taken by the Dental Group to enforce its remedies regarding the state court action, such that the filing of the motion to dismiss did not constitute a violation of the stay. The stay has since been terminated and replaced by the discharge injunction imposed by § 524(a)(2), which similarly enjoins "the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." Indeed, in their appellate briefing the Debtors argue that the future enforcement of the undertaking would violate the discharge injunction.

The Dental Group has previously recognized that any fees or costs that could be awarded for prepetition litigation of the state court claims have been discharged. This admission raises the question the Debtors argue on appeal: whether all fees and costs, including postpetition fees and costs, have been discharged. Given the Dental Group's recognition that any prepetition fees and costs have been discharged, it would appear that much may depend upon whether Ms. Von Neitsch chooses to proceed with her

2

state court claims post-discharge. If she does, the parties and court will likely be required to decide whether any post-discharge fees and costs were "fairly contemplated" prepetition such that all costs and fees are subject to her discharge regardless of when they were incurred. *Goudelock v. Sixty-01 Ass'n of Apartment Owners*, 895 F.3d 633, 638 (9th Cir. 2018); *SNTL Corp. v. Ctr. Ins. Co. (In re SNTL Corp.)*, 571 F.3d 826, 839 (9th Cir. 2009). As part of that analysis the parties will also presumably examine whether Ms. Von Neitsch voluntarily "returned to the fray" such that the discharge would not bar her liability for the post-discharge fees and costs. *Boeing N. Am., Inc. v. Ybarra (In re Ybarra)*, 424 F.3d 1018, 1026 (9th Cir. 2005); *Siegel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d 525, 533 (9th Cir. 1998).

Those questions depend upon what happens in the state court action in the future. For these reasons, they were not before the bankruptcy court as part of the motion for relief from stay, nor are they properly before us on appeal.